IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------x

FOX TELEVISION STATIONS, INC.,
    10201 West Pico Blvd.,
    Los Angeles, CA 90035,

TWENTIETH CENTURY FOX FILM
CORPORATION,                                                    **Civil Action No. ___**
    10201 West Pico Blvd.,
    Los Angeles, CA 90064,

FOX BROADCASTING COMPANY,                        **COMPLAINT FOR**
    10201 West Pico Blvd.,                                **INJUNCTIVE RELIEF AND**
    Los Angeles, CA 90064,                              **DAMAGES**

NBC SUBSIDIARY (WRC-TV) LLC,
    4001 Nebraska Avenue, NW,                       **JURY TRIAL DEMANDED**
    Washington, D.C. 20016,

NBC STUDIOS LLC,
    100 Universal City Plaza
    Universal City, CA 91608,

UNIVERSAL NETWORK TELEVISION LLC,
    100 Universal City Plaza,
    Universal City, CA 91608,

OPEN 4 BUSINESS PRODUCTIONS LLC,
    100 Universal City Plaza,
    Universal City, CA 91608,

TELEMUNDO NETWORK GROUP LLC,
    2290 West 8th Avenue,
    Hialeah, FL 33010,

AMERICAN BROADCASTING COMPANIES,
INC.
   77 West 66th Street,
   New York, NY 10023,

DISNEY ENTERPRISES, INC.,
   500 S. Buena Vista Street,
   Burbank, CA 91521,

ALLBRITTON COMMUNICATIONS
COMPANY,
   1000 Wilson Boulevard, Suite 2700
   Arlington, VA  222209

      Plaintiffs,

v.

AEREOKILLER LLC,
   400 E. 58th Street, Apt. 8B,
   New York, NY 10022,

FILMON.TV NETWORKS, INC.,
   301 N. Canon Drive,
   Beverly Hills, CA 90210,

FILMON.TV, INC.
   301 N. Canon Drive,
   Beverly Hills, CA 90210,

FILMON.COM, INC,
   301 N. Canon Drive,
   Beverly Hills, CA 90210,

         Defendants.
----------------------------------------------------------x

# COMPLAINT

Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, Fox Broadcasting Company, NBC Subsidiary (WRC-TV) LLC, NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC, Telemundo Network Group LLC, American Broadcasting Companies, Inc., Disney Enterprises, Inc., and Allbritton Communications Company, (collectively, "Plaintiffs"), by their respective attorneys, complain and allege against defendants Aereokiller LLC, FilmOn.TV Networks, Inc., Filmon.TV, Inc., and FilmOn.com, Inc., inclusive (collectively "Defendants" or "Aereokiller") as follows:

## PRELIMINARY STATEMENT

1.      This copyright infringement action arises out of Defendants' unauthorized retransmission over the Internet of the copyrighted programming broadcast on numerous broadcast television stations, including the programming of stations licensed by the Federal Communications Commission to serve the Washington, D.C. market.  Defendants' retransmissions are occurring without the consent of the affected broadcast stations or copyright owners, and infringe Plaintiffs' copyrights in the retransmitted programming.  The purpose of this action is to restrain Defendants from exploiting without authorization, and violating Plaintiffs' rights in, some of the most valuable intellectual property created in the

United States.  Further, this particular action -- in a district court in the District of

Columbia Circuit -- is necessitated by Defendants' continued flagrant infringement

of Plaintiffs' valuable intellectual property rights in this Circuit, despite substantial

and diligent efforts by Plaintiffs to protect those rights in other courts.

2.      In early August 2012, Defendants began streaming over the Internet

through their websites the signals of broadcast television stations from the Los

Angeles, Chicago, New York and Minneapolis markets.  Defendants' streaming

included the broadcasts of television stations owned by Plaintiffs, as well as the

broadcasts of stations owned by other entities on which Plaintiffs' copyrighted

programming is televised.  Defendants offer and sell, or have offered and sold,

online access to their unauthorized retransmission service via the websites

www.barrydriller.com, www.filmonx.com and www.filmon.com, and through

mobile "apps" that Internet users may download.  Simply by clicking on a

particular broadcast station listed on the program guides on Defendants' websites,

a visitor to those sites is able to view on his or her laptop, personal computer, or

mobile device the content -- including copyrighted programming -- being televised

by the station at that time, just like a subscriber to a cable system can view the

same program by turning on his or her television set.  The NBC program appearing

in the screen shot below, for example, was viewable by clicking on the "NBC

Washington" program listing, which appears highlighted in red:



Defendants are providing this commercial service, which features Plaintiffs' copyrighted television programming, without the authorization of any of the affected stations or copyright owners. All of Defendants' services will be referred to collectively as "Aereokiller."

3.     Within days of the commencement of Defendants' unlawful activity, certain of the Plaintiffs took action to address it by filing copyright infringement lawsuits against Aereokiller LLC and other related entities in the United States District Court for the Central District of California (the "California Actions"). Defendants in the California Actions responded to the filing of the California Actions by expanding their service to stream broadcast stations from Dallas, San Francisco, Miami, Las Vegas, and Washington, D.C., without the consent of any party. On information and belief, Defendants recently have expanded their service into even more cities and plan further expansion in the future.

4.     On November 8, 2012, the Plaintiffs in the California Actions moved for a nationwide preliminary injunction to enjoin Defendants' infringing conduct throughout the country.  On December 27, 2012, the district court preliminarily enjoined Defendants' unauthorized Internet retransmissions of broadcast television programming owned by the Plaintiffs in the California Actions.  In granting Plaintiffs' motions, the court found that Defendants' service was a clear violation of Plaintiffs' public performance rights under the Transmit Clause of the Copyright Act, and that Plaintiffs in those cases would suffer irreparable harm absent an injunction.  *See Fox Television Stations, Inc. v. Barry Driller Content Sys., PLC*, ___ F. Supp. 2d. ____, 2012 WL 6784498 (C.D. Cal. Dec. 27, 2012), a true and correct copy of which is attached hereto as <u>Exhibit A</u>.  However, the district court limited the scope of its injunction to the geographic boundaries of the Ninth Circuit.  The grant of the preliminary injunction, and the geographic limitation of that injunction to the Ninth Circuit, currently are on appeal to the Ninth Circuit Court of Appeals.

5.     The district court in the California Actions limited the injunction to the Ninth Circuit based on comity concerns arising out of the Second Circuit's decision in *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.2d 121 (2d Cir. 2008) ("*Cablevision*") and the application of the *Cablevision* decision to Aereo, an Internet-based television retransmission service allegedly similar to Defendants'

service.  In *Aereo*, a federal district court in the Southern District of New York

declined to enter a preliminary injunction enjoining Aereo's retransmission

service.  The district court in the California Actions ruled that, "principles of

comity prevent the entry of an injunction that would apply in the Second Circuit,"

where the courts in *Cablevision* and *Aereo* (then on appeal to the Second Circuit

Court of Appeals) interpreted the Transmit Clause differently from the California

district court.  For the same reason, the district court also declined to enjoin

preliminarily Defendants' activities in all circuits other than the Ninth Circuit.

6.      Plaintiffs in *Aereo* appealed the district court's decision.  Had the

Second Circuit reversed, plaintiffs in the California Actions intended to move to

have the geographic limitation on the scope of the preliminary injunction lifted

since a reversal of the district court's decision in *Aereo* would have removed the

basis for that limitation.  However, on April 1, 2013, a divided panel of the Second

Circuit Court of Appeals affirmed the *Aereo* decision.  *See WNET Thirteen v.*

*Aereo, Inc.*, ___ F.3d ___, 2013 WL 1285591 (2d Cir. Apr. 1, 2013) ("*Aereo*").

Accordingly, to address Defendants' ongoing infringement outside of the Ninth

Circuit, Plaintiffs are required to bring this action.

7.      Aereokiller is currently streaming broadcast content in this Circuit --

such that people in the District of Columbia and surrounding area can view the

same broadcast content as other who watch that content on their television sets or

through other distribution channels authorized by Plaintiffs.  The District Court in California already has held that this conduct is infringing and causes immediate and irreparable harm in a variety of ways.  *See* Exhibit A.

8.     Plaintiffs ask this Court to reach the same conclusion and to preliminarily and permanently enjoin Defendants' unlawful conduct.

## JURISDICTION AND VENUE

9.     This is a civil action seeking injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Aereokiller LLC, FilmOn.TV Networks, Inc., Filmon.TV, Inc., and FilmOn.com, Inc. because they engage in copyright infringement in Washington, D.C. by retransmitting, without authorization, Plaintiffs' broadcast network signals and copyrighted programming to Aereokiller users and subscribers located in the Washington, D.C. area.  Further, Defendants' representative, Alkiviades David, has sworn under oath that all equipment, servers, and technology the Defendants use to capture Plaintiffs' signals and transmit them to Aereokiller users and subscribers in a particular city are located within that city.  Moreover, because the Aereokiller service is a

commercial service, Defendants are profiting from Washington, D.C. users and subscribers.

12.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, a substantial part of the acts of infringement complained of herein occurs in this District.

## THE PARTIES

13.    Plaintiff Fox Broadcasting Company is a Delaware corporation with its principal place of business at 10201 West Pico Blvd., Los Angeles, California. Fox Broadcasting Company operates the Fox network, a national broadcast television network (the "Fox Network").

14.    Plaintiff Twentieth Century Fox Film Corp. is a Delaware corporation with its principal place of business at 10201 West Pico Blvd., Los Angeles, California.  Twentieth Century Fox owns copyrights in certain original primetime television programs broadcast on the Fox Network and distributed via other media in the United States and around the world.

15.    Plaintiff Fox Television Stations, Inc. ("FTS"), a Delaware corporation, owns and operates numerous local broadcast television stations that broadcast television programming, including the Fox Network, over-the-air to numerous localities throughout the United States, including WTTG in Washington, D.C., which broadcasts the Fox Network to viewers over-the-air on

channel 5 in the Washington, D.C. market.  The FCC has licensed FTS to operate WTTG (among other television stations).  FTS is actively engaged, among other things, in the production and distribution of television programs and other copyrighted works, including local news programming.  Cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WTTG television broadcasts available to their subscribers upon negotiating the right to do so under Section 325(b) of the Communications Act, 47 U.S.C. § 325(b).

16.     Plaintiff NBC Subsidiary (WRC-TV) LLC ("WRC") is a Delaware limited liability company with its principal place of business at 4001 Nebraska Avenue, NW, Washington, D.C.  WRC owns and operates the television station WRC-TV, which is an FCC-licensed broadcast station that broadcasts to viewers over-the-air on channel 4 in the Washington, D.C. market.  WRC-TV is affiliated with the NBC Television Network, a national broadcast network.  WRC is actively engaged, among other things, in the production and distribution of television programs and other copyrighted works, including local news programming.  Cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WRC-TV television broadcasts available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

17.    Plaintiff NBC Studios LLC ("NBC Studios") is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California.  NBC Studios is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the NBC Television Network and distributed elsewhere in the world.

18.    Plaintiff Universal Network Television LLC ("UNT") is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California.  UNT is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the NBC Television Network and distributed elsewhere in the world.

19.    Plaintiff Open 4 Business Productions LLC ("O4B") is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California.  O4B is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the NBC Television Network and distributed elsewhere in the world.

20.    Plaintiff Telemundo Network Group LLC ("Telemundo") is a Delaware limited liability company with its principal place of business at 2290

West 8th Avenue, Hialeah, Florida.  Telemundo is, among other things, actively

engaged in the production and licensed distribution of Spanish-language television

programs, including programs that are transmitted to numerous broadcast stations

in the United States affiliated with the Telemundo Network, a broadcast network,

and distributed elsewhere in the world.

21.    Plaintiff American Broadcasting Companies, Inc. ("ABC") is a

Delaware corporation with its principal place of business at 77 West 66th Street,

New York, New York, and does business as the ABC Television Network.  ABC

is actively engaged in the production and distribution of television programs and

other copyrighted works, including programs ABC transmits to numerous

broadcast television stations that it owns as well as other stations that are affiliated

with its ABC Television Network and with other networks, in the United States.

ABC grants these stations the right to broadcast programming within their

communities of license.  ABC is a wholly-owned, indirect subsidiary of plaintiff

Disney Enterprises, Inc.

22.    Plaintiff Disney Enterprises, Inc. ("DEI") is a Delaware corporation

with its principal place of business at 500 S. Buena Vista Street, Burbank,

California.  DEI is actively engaged in the licensing of its copyrighted properties,

and certain of its affiliates are engaged in the worldwide production and

distribution of copyrighted entertainment products, including programs that

television broadcast stations and other media outlets transmit or retransmit to the public.

23.     Plaintiff Allbritton Communications Company ("Allbritton") is a Delaware corporation with its principal place of business at 1000 Wilson Boulevard, Suite 2700, Arlington, Virginia.  Allbritton owns and operates the television station WJLA-TV, which is an FCC-licensed broadcast station that broadcasts to viewers over-the-air on channel 7 in the Washington, D.C. market. WJLA-TV is affiliated with the ABC Television Network.  Allbritton is actively engaged, among other things, in the production and distribution of television programming and other copyrighted works, including local news programming. Cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WJLA-TV television broadcasts available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

24.     On information and belief, Defendant Aereokiller LLC is a Delaware limited liability company that does business in, among other locations throughout the United States, Washington, D.C.  Plaintiffs are further informed and believe that Aereokiller, LLC's business address is 400 E. 58th Street, Apt. 8B, New York, New York.

25.     On information and belief, Defendant FilmOn.TV, Inc. is a Delaware corporation that does business in, among other locations throughout the United States, Washington, D.C.  Plaintiffs are further informed and believe that FilmOn.TV, Inc.'s business address is 301 N. Canon Drive, Beverly Hills, California.

26.     On information and belief, Defendant FilmOn.TV Networks, Inc. is a Delaware corporation that does business in, among other locations throughout the United States, Washington, D.C.  Plaintiffs are further informed and believe that FilmOn.TV Networks, Inc.'s business address is 301 N. Canon Drive, Beverly Hills, California.

27.     On information and belief, Defendant FilmOn.com, Inc. is a Delaware corporation that does business in, among other locations throughout the United States, Washington, D.C.  Plaintiffs are further informed and believe that FilmOn.com, Inc.'s business address is 301 N. Canon Drive, Beverly Hills, California.

28.     To the extent one or more of the Defendants claims another Defendant is responsible for the infringement alleged herein, Plaintiffs allege such Defendant is subject to alter ego liability for the acts of infringement alleged herein.  First, there is a unity of interest and ownership among the Defendants such that one or more of the Defendants is an alter ego of the other Defendants.  One or more of the

Defendants exerts domination and control over one or more of the other Defendants.  Indeed, on information and belief, Alkiviades "Alki" David is the officer, director and major shareholder of three of the Defendants:  FilmOn.TV Networks, Inc., FilmOn.TV, Inc., and FilmOn.com, Inc.  He directed one or more of the Defendants to commence its infringing conduct and he has, on information and belief, the decision-making power to start, stop, or continue the infringing conduct.  Moreover, one or more of the Defendants is used as a mere shell for one or more of the other Defendants' actions.  Additionally, the Defendants are inadequately capitalized, and one or more of the Defendants uses the same office space and shares or has inherited the employees of another Defendant.  Second, observance of the corporate form would lead to an inequitable result because it would sanction the Defendants' unauthorized infringement of Plaintiffs' copyrights and allow another Defendant to avoid liability.

## NATURE OF DEFENDANTS' UNLAWFUL CONDUCT

29.    Defendants collectively operate an Internet and mobile streaming service, originally available over the Internet at www.barrydriller.com, later relocated to www.filmonx.com, and now available on www.filmon.com, and via web applications and Smartphone applications, which captures and streams Plaintiffs' live broadcast television programming over the Internet or via apps to members of the public on their web-enabled devices, iPhones, Androids,

Smartphones, tablets and iPads.  Defendants do business in Washington, D.C., among other locations throughout the United States.

30.      Defendants claim to utilize tiny television antennas in data centers, along with data storage facilities and Internet connections to bring consumers the Aereokiller service.  According to public statements by Defendants, the Aereokiller service functions by capturing the signals of television broadcast stations in their local markets and then streaming the signals over the Internet to customers on their wireless and other Internet-enabled devices in order to watch those television broadcast programs.

31.      Through this commercial service, Aereokiller provides users and subscribers the ability to receive whichever broadcast station the user or subscriber chooses, ultimately having the ability to watch live broadcast television programming over the Internet using any device.  In other words, through the Aereokiller service, Defendants built a business founded on offering its users and subscribers a "live" Internet and mobile streaming service based on Plaintiffs' television programming, but without authorization or license from Plaintiffs.

32.      Plaintiffs have never granted Defendants any license to Plaintiffs' copyrighted programming.  Defendants' service is available in multiple locations, including Washington, D.C., and on multiple Internet-enabled and mobile devices, and allows users to access local television stations associated with the Fox, NBC,

and ABC networks -- and Plaintiffs' copyrighted programming on those stations -- using Defendants' service.

33.     Defendants charge fees to their subscribers to receive unauthorized transmissions of network and local programming in High Definition ("HD") to be watched live, and charge fees to copy Plaintiffs' programming for later viewing through a copying and storage service Defendants provide and refer to as a "Remote DVR."  Defendants also retransmit Plaintiffs' broadcasts live in Standard Definition ("SD") and, while Defendants do not charge users or subscribers to watch SD retransmissions, Defendants capitalize on and profit from such retransmissions though various forms of advertising.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

34.     Plaintiffs incorporate by reference paragraphs 1 through 33 as if set forth herein.

35.     Plaintiffs, together with their affiliates, are actively engaged in the production, acquisition, and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit, retransmit, or otherwise distribute to the public.

36.     Plaintiffs (and/or their parents, subsidiaries or affiliates) are the legal or beneficial owners of the copyrights in numerous programs, such as *Glee* (FOX), *The Office* (NBC), and *Grey's Anatomy* (ABC), and local news programming (FTS, WRC, Telemundo and Allbritton) that have been, and/or will be, exhibited over broadcast television stations in Washington, D.C. and other broadcast markets nationwide and through a variety of other media outlets.  A non-exhaustive list identifying representative samples of such television programs is set forth in Exhibit B ("TV Program(s)").

37.     Each such TV Program is an original audiovisual work that has been or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of section 102 of the Copyright Act, 17 U.S.C. § 102.  Each such TV Program has been or will be registered with the United States Copyright Office or is the subject of an application for registration filed with the Copyright Office.  Representative examples of the copyright registration certificates or other documentation demonstrating compliance with Sections 408(f) and 411 of the Copyright Act, 17 U.S.C. §§ 408(f) & 411, and implementing Copyright Office regulations, corresponding to the TV Programs identified in Exhibit B, also are attached as part of Exhibit B.

38.     Each TV Program has been created or licensed for exhibition by Plaintiffs (and/or their parents, subsidiaries or affiliates), the transmissions of

which the Defendants are streaming without authorization as part of the

Aereokiller service.  On information and belief, Defendants have streamed or will

stream without authorization, as part of the Aereokiller service, each TV Program

and numerous other works in which Plaintiffs own copyrights.

39.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs

(and/or their parents, subsidiaries or affiliates) own the exclusive rights, among

others, to reproduce copies of their copyrighted works, to distribute copies to the

public of their copyrighted works, to publicly perform their copyrighted works, to

publicly display their copyrighted works, and to make derivative works based

upon their copyrighted works.

40.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs

(and/or their parents, subsidiaries or affiliates) also own the exclusive rights to

authorize others to exercise the rights set forth in the preceding paragraph 39.

41.     Neither Plaintiffs nor any other person authorized by Plaintiffs have

granted any license, permission or authorization to Defendants to exercise any of

the rights set forth in paragraphs 39 and 40 or to authorize others to exercise such

rights, respecting the TV Programs or any other works in which Plaintiffs (and/or

their parents, subsidiaries or affiliates) own copyrights.

42.     In offering the Aereokiller service, Defendants have exercised and

will exercise (or have authorized or will authorize others to exercise) one or more

of Plaintiffs' exclusive rights set forth in paragraphs 39 and 40 respecting the TV

Programs and other works in which Plaintiffs (and/or their parents, subsidiaries or

affiliates) own copyrights.

43.     As a result, Defendants' conduct is causing and, unless enjoined by

this Court, will continue to cause Plaintiffs great and irreparable injury that cannot

fully be compensated or measured in money.  Plaintiffs have no adequate remedy

at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and

permanent injunction prohibiting infringement of Plaintiffs' copyrights and

exclusive rights under copyright.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For a preliminary and permanent injunction requiring that Defendants

and Defendants' successors and assigns, parents, subsidiaries, affiliates, suppliers,

officers, agents, servants, employees, and attorneys, and all those persons in active

concert, participation or privity with them cease any and all infringement of

Plaintiffs' rights under Section 106 of the Copyright Act in their copyrighted

programming, including by retransmission of broadcasts of such programming over Aereokiller or any other service.

2.      For Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

3.      For impounding and disposition of infringing articles under 17 U.S.C. § 503.

4.      For such monetary relief, including statutory damages and/or actual damages, and pre- and post-judgment interest thereon, as the Court and/or a jury determine are appropriate and should be awarded against Defendants.

5.      For pre- and post-judgment interest on any monetary award made part of the judgment against Defendants.

6.      For such other and further relief as the Court may deem just and proper.

//

//

Dated:  May 23, 2013

Respectfully Submitted,

    /s/ Paul Smith
Paul Smith (D.C. Bar No. 358870)
psmith@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
Telephone:  (202) 639-6000
Facsimile:   (202) 639-6066

Richard L. Stone*
rstone@jenner.com
Julie A. Shepard*
jshepard@jenner.com
Amy Gallegos*
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA  90071
Telephone:  (213) 239-5100
Facsimile:   (213) 239-5199

*Attorneys for Plaintiffs Fox Television
Stations, Inc., Twentieth Century Fox Film
Corporation, and Fox Broadcasting
Company*

_____/s/ Robert Garrett_____
Robert Alan Garrett (D.C. Bar No. 239681)
Hadrian R. Katz (D.C. Bar No. 931162)
Christopher Scott Morrow (D.C. Bar
   No. 491925)
Murad Hussain (D.C. Bar No. 999278)
ARNOLD & PORTER LLP
555 12th St., NW
Washington, DC  20004
Telephone:   (202) 942-5444
Facsimile:    (202) 942-5999

James S. Blackburn*
james.blackburn@aporter.com
John C. Ulin*
john.ulin@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone:   (213) 243-4000
Facsimile:    (213) 243-4199

*Attorneys for Plaintiffs NBC Subsidiary
(WRC-TV) LLC, NBC Studios LLC,
Universal Network Television LLC, Open 4
Business Productions LLC, Telemundo
Network Group LLC, American
Broadcasting Companies, Inc., Disney
Enterprises, Inc., Allbritton
Communications Company, CBS
Broadcasting Inc., and CBS Studios Inc.*

*Pro hac vice admission to be sought