UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FOX TELEVISION STATIONS, INC., et al.

Plaintiffs,

v.

FILMON X, LLC, et al.

Defendants.

Civil Action No. 1:13-cv-00758-RMC
Hon. Rosemary M. Collyer

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO MODIFY THE PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................ 1

ARGUMENT ........................................................ 2

I. FILMON X'S UNCLEAN HANDS PREVENT IT FROM SEEKING MODIFICATION OF THE SCOPE OF THE PRELIMINARY INJUNCTION ........................................................ 2

II. FILMON X'S PENDING APPEAL OF THE SCOPE OF THE PRELIMINARY INJUNCTION DIVESTED THIS COURT OF JURISDICTION TO MODIFY IT ........................................................ 3

III. JUDGE GORTON'S DECISION IS NOT A CHANGE IN CONTROLLING LAW MERITING RECONSIDERATION ........................................................ 8

IV. PRINCIPLES OF COMITY DO NOT WARRANT MODIFICATION OF THE INJUNCTION ........................................................ 11

CONCLUSION ........................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A & M Records, Inc. v. Napster, Inc.*,
284 F.3d 1091 (9th Cir. 2002) ....................4

*Agostini v. Felton*,
521 U.S. 203 (1997)....................8

*Am. Horse Protection Ass'n, Inc. v. Watt*,
694 F.2d 1310 (D.C. Cir. 1982)....................8

*Cartoon Network LP, LLLP v. CSC Holdings, Inc.*,
536 F.3d 121 (2d Cir. 2008) ("*Cablevision*") .................... *passim*

*Cobell v. Norton*,
310 F. Supp. 2d 77 (D.D.C. 2004)....................5, 6

*Coca-Cola Co. v. Standard Bottling Co.*,
138 F.2d 788 (10th Cir. 1943) ....................8

*Common Cause v. Judicial Ethics Comm.*,
473 F. Supp. 1251 (D.D.C. 1979)....................12

*Favia v. Indiana University of Pennsylvania*,
7 F.3d 332, 334-35, 337 (3d Cir. 1993) ....................4

*Fox Television Stations, Inc. v. BarryDriller Content Sys., Plc*,
915 F. Supp. 2d 1138 (C.D. Cal. 2012) ....................10

*Fox Television Stations, Inc. v. FilmOn X*,
---F. Supp. 2d----, 2013 WL 4763414 (D.D.C. Sept. 5, 2013) ....................3, 10, 11

*Fox Television Stations, Inc. v. FilmOn X LLC*,
--- F. Supp. 2d ---, 2013 WL 4852300 (D.D.C. Sept. 12, 2013)....................3

*Goldsborough v. Marshall*,
243 F.2d 240 (D.C. Cir. 1957)....................5

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982)....................4

*Holland v. Nat'l Mining Ass'n*,
309 F.3d 808 (D.C. Cir. 2002)....................11

*Humble Oil & Refining Co. v. Am. Oil Co.*,
259 F. Supp. 559 (D. Mo. 1966)....................3

*In re Pabst Licensing GmbH & Co. KG Litig.*,
791 F. Supp. 2d 175 (D.D.C. 2011) .......... 9

*Indus. Ass'n vs. Bd. of Governors of the Fed. Reserve Sys.*,
628 F. Supp. 1438 (D.D.C. 1986) .......... 5

*McGrath v. Potash*,
199 F.2d 166 (D.C. Cir. 1952) .......... 8

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
706 F.2d 956, 960, 967 (2d Cir. 1983) .......... 4

*Newton v. Consol. Gas Co.*,
258 U.S. 165 (1922) .......... 4, 5

*Precision Instrument v. Auto. Maint. Mach.*,
324 U.S. 806 (1945) .......... 2

*R.C. by Alabama Disabilities Advocacy Program v. Nachman*,
969 F. Supp. 682 (M.D. Ala. 1997) .......... 3

*Rufo v. Inmates of Suffolk County Jail*,
502 U.S. 367 (1992) .......... 8

*Secs. and Exchange Comm'n v. Lauer*,
445 F. Supp. 2d 1362 (S.D. Fla. 2006) .......... 3

*Singh v. George Washington Univ.*,
383 F. Supp. 2d 99 (D.D.C. 2005) .......... 9

*Small v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local 200, AFL-CIO*,
611 F.3d 483, 495 (9th Cir. 2010) .......... 4

*Stewart v. Panetta*,
826 F. Supp. 2d 176 (D.D.C. 2011) .......... 9

*Sys. Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright*,
364 U.S. 642 (1961) .......... 8

*Udall v. Littell*,
366 F.2d 668 (D.C. Cir. 1966) .......... 2

*WNET, Thirteen v. Aereo, Inc.*,
712 F.3d 680 (2d Cir. Apr. 1, 2013) .......... *passim*

**STATUTES**

17 U.S.C. § 101 .......... 10

17 U.S.C. § 502 ........................................ 3, 5, 11

**OTHER AUTHORITIES**

Fed. R. Civ. Pro. 59(e) ........................................ 5

Fed. R. Civ. Proc. 54(b) ........................................ 9

Fed. R. Civ. Proc. 62(c) ........................................ 4

## INTRODUCTION

In deliberate defiance of the preliminary injunction issued by this Court, FilmOn X has recommenced its unauthorized retransmission of Plaintiffs' copyrighted broadcast programming in the Boston area.[1] Now FilmOn X asks for an after-the-fact blessing of its contempt by seeking modification of the preliminary injunction. But it is well-established that modification of an equitable order should be denied where, as here, the requesting party is in violation of court orders and comes to the court with unclean hands.

Moreover, FilmOn X's motion to modify the scope of the injunction should be denied for at least three additional reasons. First, FilmOn X's pending appeal of the preliminary injunction divested this Court of jurisdiction to modify it in the manner requested by FilmOn X.

Second, even if the Court were not divested of jurisdiction, FilmOn X has not met the standard for modification or reconsideration. FilmOn X's motion for modification rests solely on a decision by Judge Nathaniel Gorton of the District of Massachusetts denying Hearst Corporation's request for a preliminary injunction against the Aereo Internet television service. A decision by a co-equal court concerning different parties is not binding on this Court and does not represent a change in controlling law that supports modification or reconsideration. None of FilmOn X's host of cases holds otherwise.

In addition to being non-binding, Judge Gorton's decision provides no basis for this Court to modify its preliminary injunction which was based on an extensive, independent analysis of the Transmit Clause and its legislative history. Judge Gorton's public performance

[1] Declaration of Julie Shepard ("Shepard Decl."), Ex. 1 (October 10, 2013 article reporting FilmOn X's statements that it intends to defy the preliminary injunction and to start transmitting local broadcasts in Boston), Exs. 2 and 3 (October 11 and 14, 2013 screenshots of FilmOn X's website evidencing that FilmOn X recommenced its unauthorized streaming the Boston local broadcasts of Fox, ABC, CBS and NBC).

analysis consists of a single paragraph. Hearst Op. (Exhibit A to FilmOn X's Request for Judicial Notice) at 9-13. He relies heavily and uncritically on the Second Circuit's decisions in *Cablevision* and *Aereo II*,[2] which this Court considered and rejected in its analysis. Moreover, in declining to follow the preliminary injunction decision in this case, Judge Gorton badly misconstrued this Court's analysis of why FilmOn X publicly performs Plaintiffs' copyrighted works as explained in greater detail below. *Id*. at 12. An incorrect and thinly-reasoned opinion from the District of Massachusetts presents no basis for modification of this Court's injunction.

Finally, principles of comity do not support modifying the preliminary injunction simply because a co-equal district court in Boston in a case involving different parties came to a different conclusion than this Court. The First Circuit has yet to address the Transmit Clause issues presented here.

For all of these reasons, Plaintiffs respectfully request that the Court deny FilmOn X's motion.

## ARGUMENT

### I. FILMON X'S UNCLEAN HANDS PREVENT IT FROM SEEKING MODIFICATION OF THE SCOPE OF THE PRELIMINARY INJUNCTION

In its request for modification of the preliminary injunction, FilmOn X seeks equitable relief from this Court. "A cardinal rule of equity is 'he who comes into equity must come with clean hands [i]t is a self-imposed ordinance that closes the door . . . to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.'" *Id.* (quoting *Precision Instrument v. Automotive Maintenance Machinery,* 324 U.S. 806, 814 (1945)); *accord*

[2] *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008) ("*Cablevision*"); *WNET, Thirteen v. Aereo, Inc.*, 712 F.3d 680 (2d Cir. Apr. 1, 2013)("*Aereo II*").

*Udall v. Littell*, 366 F.2d 668, 675 (D.C. Cir. 1966) ("It is elementary, of course, that one seeking equity must do equity and must show 'clean hands' at the threshold").

FilmOn X does not come to this Court with clean hands. FilmOn X has recommenced its unauthorized retransmissions of local Boston broadcasts of Fox, ABC, CBS and NBC in open contempt of the preliminary injunction. Shepard Decl., Exs. 1, 2 and 3. Where, as here, a defendant has violated a court order, that defendant's request to modify the court order should be denied. *Secs. and Exchange Comm'n v. Lauer*, 445 F. Supp. 2d 1362, 1366 (S.D. Fla. 2006) (denying request to modify where defendant had previously violated court orders); *see also, R.C. by Alabama Disabilities Advocacy Program v. Nachman*, 969 F. Supp. 682, 688-89 (M.D. Ala. 1997) (denying, on both legal and equitable grounds, the defendant's request for modification or vacatur of a consent decree where it was "clear that defendant d[id] not come to the Court with 'clean hands," and admonishing that where the defendant's "wrongdoing . . . helped create the situation from which defendant seeks relief, the doors to a court of equity will not open"); *Humble Oil & Refining Co. v. Am. Oil Co.*, 259 F. Supp. 559, 566 (D. Mo. 1966) (refusing to modify injunction where party's misconduct, including "long-range effort[] to "modify the . . . decree," "f[ell] squarely within the doctrine of 'unclean hands'").

## II. FILMON X'S PENDING APPEAL OF THE SCOPE OF THE PRELIMINARY INJUNCTION DIVESTED THIS COURT OF JURISDICTION TO MODIFY IT

This Court has twice rejected FilmOn X's arguments that its preliminarily injunction should be limited to the boundaries of the D.C. Circuit. In its initial preliminary injunction decision the Court correctly held that § 502(b) commands a nationwide injunction and carved out only of the Second Circuit because of the conflicting circuit-level authority there. *See, Fox Television Stations, Inc. v. FilmOn X*, ---F. Supp. 2d----, 2013 WL 4763414 at *17-*18 (D.D.C. Sept. 5, 2013). The Court reaffirmed that decision, when it denied FilmOn X's motion for

reconsideration of the geographic scope of the preliminary injunction. *Fox Television Stations, Inc. v. FilmOn X LLC*, --- F. Supp. 2d ---, 2013 WL 4852300, at *4 (D.D.C. Sept. 12, 2013). FilmOn X has appealed both of those orders. Dkt. Nos. 46, 47.

The general rule is that a party's filing of a notice of appeal divests the district court of jurisdiction over the matters being appealed. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). FilmOn X concedes this. Mot. at 5, n.3. Relying upon numerous inapplicable cases in which there was no pending appeal of the injunction or order at issue,[3] FilmOn X's argues that the Court retains jurisdiction to modify the geographic scope of the preliminary injunction pursuant to Federal Rule of Civil Procedure 62(c). While it is correct that Rule 62(c) allows for some modification of injunctions pending appeal in certain instances, the "modification exception" is itself subject to limits. Specifically, a court may not modify an injunction that has been appealed in such a manner as to adjudicate substantial rights directly involved in the appeal. *See*, *A & M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) (citing *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922) (citations omitted)).[4]

---

[3] None of the following cases cited by FilmOn X involved a request to modify an injunction while an appeal of the injunction was pending: *Agostini v. Felton*, 521 U.S. 203, 208-09, 215 (1997); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 371-72, 384 (1992); *Sys. Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 644-47, 650 (1961); *Am. Horse Protection Ass'n, Inc. v. Watt*, 694 F.2d 1310, 1311, 1316 (D.C. Cir. 1982); *McGrath v. Potash*, 199 F.2d 166, 166-68 (D.C. Cir. 1952); *Favia v. Indiana University of Pennsylvania*, 7 F.3d 332, 334-35, 337 (3d Cir. 1993); *New York State Ass'n for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 960, 967 (2d Cir. 1983); *Coca-Cola Co. v. Standard Bottling Co.*, 138 F.2d 788, 788-89 (10th Cir. 1943).

[4] *Accord Small v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 495 (9th Cir. 2010) (vacating modification order made during pendency of appeal of preliminary injunction because, "[t]hough the court is allowed to 'modify . . . an injunction on . . . terms that secure the opposing party's rights,' Fed. R. Civ. P. 62(c), the court only 'retains jurisdiction during the pendency of an appeal to act to preserve the status quo'" (citation omitted)).

In *Newton*, the United States Supreme Court held: "Undoubtedly, after appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court . . . But it may not finally adjudicate substantial rights directly involved in the appeal." 258 U.S. at 177. *See also Goldsborough v. Marshall*, 243 F.2d 240, 244 (D.C. Cir. 1957) (recognizing that *Newto*n limits the district court's power where an appeal has been taken).

FilmOn X's pending appeal encompasses this Court's determination of the proper geographic scope of the injunction under 17 U.S.C. § 502. Having taken steps that divested the Court of jurisdiction to change the status quo as to the scope of the injunction, FilmOn X's request to modify that scope should be denied.

FilmOn X's argument that its pending appeal has not divested the Court of jurisdiction to modify the scope of the preliminary injunction rest on *Industrial Association vs. Board. of Governors of the Federal Reserve System*, 628 F. Supp. 1438, 1440 n. 1 (D.D.C. 1986) and *Cobell v. Norton*, 310 F. Supp. 2d 77, 83 (D.D.C. 2004). Mot. at 5, n. 3. These cases do not assist FilmOn X. In *Industrial Association*, the pending appeal was from a judgment, not an injunction. 628 F. Supp. at 1440-41, n.1. The injunction in that case was entered after the appeal was filed as an adjunct to the enforcement of a judgment, which the plaintiff timely moved to amend under Fed. R. Civ. Pro. 59(e). It was therefore exempt from the general rule divesting the court of jurisdiction to modify a preliminary injunction pending appeal for reasons inapplicable to this case. *Id.* Moreover, the *new* injunction in *Industry Association* merely "g[ave] effect to" its "earlier ruling that [the enjoined party's] commercial paper activities violate federal law" and therefore involved the "court's authority to issue injunctions in aid of its decrees" (*id.* at 1441), in contrast to FilmOn X's attempt to change the status quo by modifying an existing injunction pending appeal.

*Cobell* is also inapposite. The district court in that case entered an injunction requiring the Department of Interior ("DOI") to disconnect computers that housed data in certain trust accounts, pending a security determination. 310 F. Supp. 2d at 78-79. The injunction excepted systems that DOI certified did not house or access trust data or were secure from Internet access by unauthorized users. *Id.* The injunction thus created "at a minimum a two stage process." *Id*. at 83. The first stage required DOI to evaluate its systems and file certifications for systems it contended should remain connected. *Id*. The second stage involved the court's evaluation of DOI's certifications to determine whether the systems actually should remain connected, according to the requirements of its original order. *Id*. DOI filed its certifications and appealed the injunction before the district court made its determination as to which systems, if any, should remain connected. *Id.* The district court found the DOI's certifications woefully inadequate. *Id*. Accordingly, the court ordered the disconnection of *all* computers systems, except those essential for protection. *Id.* at 97. The subsequent order in *Cobell*, unlike the one FilmOn X seeks now, merely implemented the original injunction (*i.e.*, requiring disconnection of any systems that DOI could not certify as meeting the Court's criteria to remain connected) and completed the second stage of the original injunction. Thus, neither *Cobell* nor *Industrial Association* buttress FilmOn X's argument that the Court should deviate from the general rule that FilmOn X's appeal of the preliminary injunction, including its scope, divested the Court of jurisdiction to change it.

FilmOn X also cannot find support in this Court's prior statements about FilmOn X's ability to seek modification in the future after denying FilmOn X's first motion for reconsideration. *See* Mot. at 3. Significantly, FilmOn X's appeal was not pending when the

Court's statements were made.[5] Moreover, the Court did not suggest that it would modify the preliminary injunction if any district court disagreed with its reasoning, as FilmOn X's suggests. *See* Mot. at 3. Rather, in denying FilmOn X's first bid for reconsideration of the scope of the preliminary injunction, the Court held that FilmOn X failed to meet the fundamental standards to obtain modification as, among other things, FilmOn X "offered no 'intervening change of controlling law' . . . and thus there is no reason for the Court to reconsider its Preliminary Injunction." Dkt. No. 41 at 8. The Court then noted that if that changed, FilmOn X could move for modification. *Id*. ("If other courts issue contrary rulings, FilmOn X may file a motion to modify this Court's injunction.") There has been no change in controlling law, *see infra*, Section III, and there remains no basis for the Court to reconsider the scope of its preliminary injunction.

Finally, even assuming *arguendo* that FilmOn X's pending appeal has not divested the Court of jurisdiction to modify the preliminary injunction in the manner requested by FilmOn X, FilmOn X's authorities do not assist FilmOn X given that they are inapposite and involve sea changes in law, such as changes in the controlling statute or similarly impactful events, that are

---

[5] The Court cited to *Favia v. Indiana University of Pennsylvania*,7 F.3d 332, 337 (3d Cir. 1993) in its decision denying FilmOn X's motion for reconsideration [Dkt. No. 41, at 6] and FilmOn X does so as well in its motion. Mot. at 5. While *Favia* supported the proposition for which this Court cited it, it does not support FilmOn X's current motion. As with most of FilmOn X's other cases, *Favia* did not involve a jurisdictional challenge to the district court's authority to modify an injunction to alter the status quo after a notice of appeal was on file. Moreover, the *Favia* court actually ruled that modification was *not* warranted, explaining that "[t]he primary justification for granting a motion to modify is to avoid the injustice of requiring a defendant to continue complying with an injunctive order under circumstances that would have prevented its entry in the first place." *Id.* at 338-39. "Class certification," the so-called new fact, "was not such a change in circumstances." *Id.* Similarly, here, the so-called "change in circumstances" does not create an "injustice . . . requiring [FilmOn X] to continue complying with an injunctive order under circumstances that would have prevented its entry." *Id.* Accordingly, *Favia* does not assist FilmOn X.

not present here. *See Am. Horse Protection Ass'n, Inc. v. Watt*, 694 F.2d 1310, 1316 (D.C. Cir. 1982) (Congress amended Wild Horse Act two years after injunction issued which impacted the enforceability of the injunction ); *McGrath v. Potash*, 199 F.2d 166, 167-68 (D.C. Cir. 1952) (injunction "should be vacated" given that its "statutory basis" was "removed by Congress"); *Agostini v. Felton*, 521 U.S. 203, 215 (1997) ("significant change" in Establishment Clause jurisprudence warranted modification of permanent injunction); *System Fed'n No. 91, Ry. Emp. Dept., AFL-CIO v. Wright*, 364 U.S. 642, 650 (1961) (permitting modification of unions' consent decree in light of amendment to Railway Labor Act); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992) ("upsurge in . . . inmate population" might warrant modification of consent decree requiring construction of new jail); *Coca-Cola Co. v. Standard Bottling Co.*, 138 F.2d 788, 789 (10th Cir. 1943) (modification of consent decree was proper 16 years after it issued where district court concluded that "conditions *and* circumstances *and* controlling facts of equity had materially changed," including the relevant law) (emphasis added).[6]

## III. JUDGE GORTON'S DECISION IS NOT A CHANGE IN CONTROLLING LAW MERITING RECONSIDERATION

FilmOn X suggests that Judge Gorton's denial of Hearst's motion for preliminary injunction against Aereo supports reconsideration of the preliminary injunction in this case under

6 FilmOn X also relies on the Second Circuit's opinion in *New York State Association for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 967 (2d Cir. 1983) for the sweeping statement that the injunction should be modified to exclude the First Circuit because "[t]he power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible." Mot. at 4. But like the majority of FilmOn X's cases, *Carey* did not involve a jurisdictional challenge to the district court's authority to modify an injunction to alter the status quo based on the filing of a notice of appeal. Moreover, in *Carey* one of the primary reasons the Second Circuit found that amendment to a consent decree was proper was that the proposed modification was "***not*** in derogation of the primary objective of the decree." 706 F.2d at 969 (emphasis added). To the contrary, "the modification was essential to attaining" the goals set in the decree. *Id*. Accordingly, *Carey* does not support FilmOn X.

Fed. R. Civ. Proc. 54(b). Mot. at 5, n.2. That is simply wrong. Judge Gorton's decision is not a "controlling or significant change in the law" which Rule 54(b) requires to justify reconsideration. *See*, *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005); *In re Pabst Licensing GmbH & Co. KG Litig.*, 791 F. Supp. 2d 175, 181 (D.D.C. 2011) (Collyer, J.) (denying motion for reconsideration and citing standard that reconsideration may be granted when there is "a controlling or significant change in the law").

The decision in *Singh* is particularly instructive. In *Singh*, Judge Royce Lambert of the District Court for the District of Columbia refused to reconsider his ruling on summary judgment even though a judge in the Southern District of Ohio subsequently issued a contrary opinion on a similar claim. *Singh*, 383 F. Supp. 2d at 103. The *Singh* Court found that because the Ohio decision was "poorly reasoned on the one hand and non-binding on the other[,]" reconsideration was not warranted. *Id.* The court explained further that "[d]istrict courts, and even circuit courts, are free to disagree as they seek to apply to the law and to reach just results in their cases. Our lower federal courts . . . are the laboratories for the law as it develops in response to particular controversies. A disagreement between coequal courts in separate districts is no grounds for reconsideration." *Id.*

Here, as in *Singh*, Judge Gorton's decision provides no basis for reconsideration. It is virtually devoid of analysis, and, while Judge Gorton does not clearly set forth his reasoning, he extensively cited precedent that this Court considered and rejected in the course of granting Plaintiffs' motion for preliminary injunction – *i.e.*, the Second Circuit's decisions in *Cablevision* and *Aereo II*. *See Stewart v. Panetta*, 826 F. Supp. 2d 176, 178 (D.D.C. 2011) (denying motion to reconsider because the court had already "addressed and distinguished" the cases relied on in the case cited by the movant as the basis for reconsideration).

In addition to being thinly-reasoned and unpersuasive, Judge Gorton's decision should be rejected as a basis for reconsideration for another reason: he misread this Court's opinion and the Central District of California opinion in *BarryDriller* as holding that "what makes the transmission public is not its [sic] intended audience of any given copy of the program but the intended audience of the initial broadcast." Hearst Op. at 12. Neither opinion says that. Rather, this Court and the Central District of California held, consistent with the Transmit Clause, that a service like FilmOn X publicly performs a copyrighted program by transmitting – through any device or process – a performance of the program to the public. *Fox Television Stations, Inc.*, --- F. Supp. 2d ----, 2013 WL 4763414 at *13-14; *Fox Television Stations, Inc. v. BarryDriller Content Sys., Plc*, 915 F. Supp. 2d 1138, 1143-45 (C.D. Cal. 2012).

Additionally, it appeared to be Judge Gorton's understanding that Hearst – unlike the Plaintiffs in this case – contended that under the Transmit Clause, "the relevant performance is the copyrighted work." Hearst Op. at 13. Based on his stated understanding of Hearst's contentions, Judge Gorton concluded that Hearst's interpretation would read the word "performance" out of the statute and decided not to adopt it. *Id*. Plaintiffs here have not argued that the performance is the copyrighted work. The performance is the *audiovisual rendering* of the program (*i.e*., the work), such as the broadcast of the program or the retransmission of the program over the Internet. *See* 17 U.S.C. § 101 (to *perform* an audiovisual *work* is to "show its images in any sequence or to make the sounds accompanying it audible").[7]

For all of these reasons, Judge Gorton's decision provides no basis for reconsideration of this Court's well-reasoned and carefully-considered decision.

---

[7] Confusingly, and seemingly inconsistently, Judge Gorton later acknowledged that streaming a program over the Internet is a performance. *Id*. at 16.

## IV. PRINCIPLES OF COMITY DO NOT WARRANT MODIFICATION OF THE INJUNCTION

As this Court previously recognized, 17 U.S.C. § 502(b) commands a nationwide injunction. *FilmOn X*, ---F. Supp. 2d---, 2013 WL 4763414 at *17-*18. The Court made an exception to this mandate for the Second Circuit because its decision conflicts with the circuit-level decision there, (*i.e.*, *Aereo II*). *Id*. Because this Court's decision did not conflict with the law of any other circuit, the Court extended its preliminary injunction to cover all other jurisdictions nationwide, outside of the Second Circuit. *Id.* ("As far as this Court is aware, its decision does not conflict with the law of any other circuit . . . . Accordingly, the Court will grant Plaintiffs' request for nationwide relief except as the he Second Circuit, where *Aereo II* is binding precedent.")

It remains the case that this Court's decision does not conflict with the law of any circuit, other than the Second Circuit.[8] FilmOn X is clearly wrong when it asserts that "*Hearst v. Aereo* is the law of the First Circuit." Mot. 2. It is a district court decision that Hearst is appealing to the First Circuit.[9] And Judge Gorton expressly confirmed that the First Circuit has not addressed the issue of whether commercial services that capture and retransmit broadcasts of copyrighted television programs over the Internet to their subscribers engage in public performance. Hearst Op. at 10. Against this factual and procedural background, *Holland v. National Mining Association* provides no support for FilmOn X's comity arguments. That case involved a circuit-

---

8 FilmOn X confusingly cites to sections of Judge Gorton's opinion concerning the supposed law of other circuits on the issue of volitional conduct where there is a violation of the exclusive right of reproduction. *See* Mot. at 4. As the preliminary injunction against FilmOn X concerns public performance rights, not reproduction rights, FilmOn X's statements are irrelevant and will not be addressed.

9 *Hearst Stations Inc. v. Aereo, Inc.*, No. 1:13-cv-11649-NMG, D. MA., Dkt. No. 73 (Notice of Appeal, filed 10/10/2013).

level opinion that directly contradicted the district court's decision. 309 F.3d 808, 809, 814-815 (D.C. Cir. 2002). In this case, there is no new circuit-level authority that should cause this Court to revisit either of its prior correct decisions that comity concerns do not affect the scope of the preliminary injunction in any jurisdiction outside the Second Circuit.

*Common Cause v. Judicial Ethics Committee* is also inapposite. In that case, the same parties were involved and subject to a inconsistent, binding decision from another court. 473 F. Supp. 1251, 1252 (D.D.C. 1979) ("Because the defendants are presently bound by a prior order of another federal court, and that order prohibits the disclosure which plaintiffs seek, this Court is persuaded that the interests of comity require the dismissal of plaintiffs' suit."). No similar facts are present here.

**CONCLUSION**

FilmOn X's emergency motion for modification should be denied. FilmOn X seeks equitable relief while tainted with unclean hands from its deliberate and ongoing defiance of this Court's preliminary injunction order. Moreover, its pending appeal of orders specifically addressing the geographic scope of the injunction divests the Court of jurisdiction to modify the scope of the injunction. Even if the Court reaches the merits of the motion, however, the erroneous and thinly-reasoned decision by the District of Massachusetts in *Hearst v. Aereo* provides no basis for modification or reconsideration of this Court's orders and does not implicate comity concerns.

Dated: October 15, 2013

/s/ Paul Smith

Paul Smith (D.C. Bar No. 358870)
psmith@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Richard L. Stone (admitted *pro hac*)
rstone@jenner.com
Julie A. Shepard (admitted *pro hac*)
jshepard@jenner.com
Amy Gallegos (admitted *pro hac*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, and Fox Broadcasting Company*

/s/ Robert Garrett

Robert Alan Garrett (D.C. Bar No. 239681)
Hadrian R. Katz (D.C. Bar No. 931162)
Christopher Scott Morrow
(D.C. Bar No. 491925)
Murad Hussain (D.C. Bar No. 999278)
ARNOLD & PORTER LLP
555 12th St., NW
Washington, DC 20004
Telephone: (202) 942-5444
Facsimile: (202) 942-5999

James S. Blackburn (admitted *pro hac*)
james.blackburn@aporter.com
John C. Ulin (admitted *pro hac*)
john.ulin@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

*Attorneys for Plaintiffs NBC Subsidiary (WRC-TV) LLC, NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC, Telemundo Network Group LLC, American Broadcasting Companies, Inc., Disney Enterprises, Inc., Allbritton*

*Communications Company, CBS Broadcasting Inc., CBS Studios Inc., and Gannett Co., Inc.*