**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **FOX TELEVISION STATIONS, INC.,** *et al.*, | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Civil Action No. 13-758 (RMC) |
| **FILMON X LLC,** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

**ORDER**

Defendants, referred to collectively as FilmOn X, are: FilmOn X LLC (formerly known as Aereokiller); FilmOn.tv Networks, Inc.; FilmOn.tv, Inc.; and FilmOn.com Inc. They filed an emergency motion to modify the Preliminary Injunction issued on September 5, 2013, claiming that this Court must follow a new ruling from the District of Massachusetts involving the same legal issue but different parties. Plaintiffs oppose.[1] As explained below, the motion is denied.

FilmOn X alleges that the Preliminary Injunction should be modified due to an October 8, 2013 Order issued by Judge Gorton in the District of Massachusetts in *Hearst Stations, Inc., d/b/a/ WCVB-TV v. Aereo, Inc.*, Civ. No. 13-11649-NMG (D. Mass.) (copy filed at

---

[1] Plaintiffs are: Fox Television Stations, Inc.; Twentieth Century Fox Film Corporation; Fox Broadcasting Company, Inc.; NBC Subsidiary (WRC-TV), LLC; NBC Studios LLC; Universal Network Television LLC; Open 4 Business Productions LLC; Telemundo Network Group LLC; American Broadcasting Companies, Inc.; Disney Enterprises, Inc.; Allbritton Communications Company; Gannett Co., Inc.; CBS Broadcasting, Inc.; and CBS Studios.

Dkt. 52-1, Ex. A) (Hearst Order).[2]  The district court in *Hearst* dealt with copyright infringement issues similar to those already addressed here and came to the opposite conclusion. *Hearst* denied an over-the-air broadcast network's request for preliminary injunction against Aereo, Inc., a direct competitor of FilmOn X, finding that the broadcast network was not likely to succeed on the merits as Aereo's "interpretation [of 17 U.S.C. § 106] is a better reading of the statute." *Hearst*, Civ. No. 13-11649-NMG, at *13.

FilmOn X has provided no basis for the Court to modify the Preliminary Injunction. *See Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (reconsideration may be permitted when a court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the court.)  FilmOn X erroneously refers to the *Hearst* decision as the "law of the First Circuit." Emergency Mot. [Dkt. 52] at 2. In fact, *Hearst* was decided by a district court, not by the First Circuit. A contrary decision by a co-equal court in another district involving different parties does not represent a change in controlling law.

Further, it appears that FilmOn X may be acting in defiance of this Court's Preliminary Injunction, possibly by retransmitting Plaintiffs' copyrighted broadcast programming in the Boston area. *See* Opp'n to Emergency Mot. [Dkt. 53]. Accordingly, it is hereby

**ORDERED** that FilmOn X's emergency motion to modify the Preliminary Injunction issued on September 5, 2013 is **DENIED**; and it is

---

[2] The Court takes judicial notice of the Hearst Order as requested by FilmOn X. *See* Fed. R. Civ. P. 201; *Covad Commc'ns Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts contained in public records of other proceedings).

**FURTHER ORDERED** that no later than October 21, 2013, FilmOn X shall show cause, in writing, why it should not be held in contempt of the September 5, 2013 Preliminary Injunction.

Date: October 15, 2013

                                          /s/
                              ROSEMARY M. COLLYER
                              United States District Judge