UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FOX TELEVISION STATIONS, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 13-758 (RMC) |
| FILMON X LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

On September 5, 2013, this Court enjoined Defendants from streaming, transmitting, or otherwise publicly performing any copyrighted programming over the Internet. Preliminary Injunction Order [Dkt. 34] (Injunction) ¶ 2. The Injunction applies nationwide, except within the geographic boundaries of the United States Court of Appeals for the Second Circuit. *Id.* ¶ 3. It is uncontested that on or around October 10, 2013, Defendants aired copyrighted material in Boston, Massachusetts, in defiance of the Injunction. Thereafter, the Court ordered Defendants to show cause why they should not be held in contempt. *See* Order to Show Cause [Dkt. 54]. After briefing and oral argument on November 25, 2013, the Court finds that Defendants aired copyrighted material in Boston in obvious contempt of the Injunction.

Courts have inherent authority to enforce compliance with their orders through contempt proceedings. *Chabad v. Russian Fed'n*, 915 F. Supp. 2d 148, 151 (D.D.C. 2013); *accord FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 637 F.3d 373, 377 (D.C. Cir. 2011) ("It is incontrovertible that federal courts enjoy inherent contempt power."); *see also* 18 U.S.C. § 401(3) (statutory authority to impose sanctions for contempt). In civil contempt

proceedings, sanctions may be imposed "for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28 of Sheet Metal Workers v. EEOC*, 478 U.S. 421, 443 (1986) (citations and internal quotation marks omitted); *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 136 (D.D.C. 2009). "[U]nlike discovery sanctions, civil contempt sanctions may not be punitive— they must be calibrated to coerce compliance or compensate a complainant for losses sustained." *In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009); *accord In re Magwood*, 785 F.2d 1077, 1081 (D.C. Cir. 1986). "The intent of the recalcitrant party is irrelevant." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997).

On October 8, 2013, Judge Nathaniel M. Gorton of the District of Massachusetts declined to enjoin Aereo, Inc., Defendants' competitor, from using the same technology to air copyrighted programming. *Hearst Stations, Inc. v. Aereo, Inc.*, No. 13–cv–11649, 2013 WL 5604284, at *9 (D. Mass. Oct. 8, 2013). Defendants jumped to air competing copyrighted programming in Boston, despite the Injunction. Defendants' assertion that they were merely "testing" equipment is, even if credited, totally unacceptable, and the Court finds that Defendants engaged in knowing and contemptuous disregard of the Injunction. This Court has great respect for the learned judge in Massachusetts, but Defendants' argument that Judge Gorton's opinion reflects the law of the First Circuit is specious. Even district court judges on the same court may issue divergent opinions. Further, Defendants argue disingenuously that the Court's Injunction was ambiguous. It was not:

> 2. Defendants . . . are preliminarily enjoined from *streaming, transmitting, retransmitting, or otherwise publicly performing, displaying, or distributing any Copyrighted Programming over the Internet* . . . via web applications . . . via portable devices . . . or by means of any device or process . . . .

      3.  This Preliminary Injunction applies throughout the United States pursuant to 17 U.S.C. § 502, with the exception of the geographic boundaries of the United States Court of Appeals for the Second Circuit.

Injunction ¶¶ 2–3 (emphasis added).

      Defendants may have anticipated that the Court would modify the Injunction, but such an expectation was both erroneous and irrelevant.  *See* Order [Dkt. 54].  Defendants must comply with the Injunction unless and until it is modified.

      Plaintiffs cogently argue that Defendants have exhibited clear disregard of this Court by their contemptuous conduct and statements; have previously been sanctioned with a monetary penalty by a New York court for similar disregard; and the Court should impose a sanction of $10,000 for Defendants' instant contempt, which lasted one day, and $20,000 per day for any instances of future contempt.  The Court declines to impose an immediate $10,000 sanction because the contempt was short-lived and has not been repeated.  However, the clarity of the initial contempt requires a monetary sanction upon any further contemptuous conduct.  Accordingly, because Defendants engaged in clear contempt by knowingly and intentionally streaming, transmitting, retransmitting, or otherwise publicly performing, displaying, or distributing Copyrighted Programming over the Internet outside the geographic boundaries of the U.S. Court of Appeals for the Second Circuit, it is hereby

      **ORDERED** that Defendants shall be fined $20,000 per day for any future violation of the Injunction; and it is

      **FURTHER ORDERED** that the Court's Order to Show Cause [Dkt. 54] is **DISCHARGED**; and it is

**FURTHER ORDERED** that Defendants' Motion for Reconsideration of the Court's Order on the Motion to Modify the Injunction [Dkt. 55] is **DENIED**.[1]

**SO ORDERED.**

Date: November 26, 2013

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] FilmOn X previously filed a motion to modify the Court's Preliminary Injunction, Dkt. 52, and the Court denied the motion on October 15, 2013, Dkt. 54. The Court denies FilmOn X's motion for reconsideration for the reasons set forth in its October 15, 2013 Order.