IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------------x

FOX TELEVISION STATIONS, INC.,
    10201 West Pico Blvd.,
    Los Angeles, CA 90035,

TWENTIETH CENTURY FOX FILM
CORPORATION,
    10201 West Pico Blvd.,
    Los Angeles, CA 90064,

FOX BROADCASTING COMPANY,
    10201 West Pico Blvd.,
    Los Angeles, CA 90064,

NBC SUBSIDIARY (WRC-TV) LLC,
    4001 Nebraska Avenue, NW,
    Washington, D.C. 20016,

NBC STUDIOS LLC,
    100 Universal City Plaza
    Universal City, CA 91608,

UNIVERSAL NETWORK TELEVISION LLC,
    100 Universal City Plaza,
    Universal City, CA 91608,

OPEN 4 BUSINESS PRODUCTIONS LLC,
    100 Universal City Plaza,
    Universal City, CA 91608,

TELEMUNDO NETWORK GROUP LLC,
    2290 West 8th Avenue,
    Hialeah, FL 33010,

**Civil Action No. 13-758
(RMC)**

**SECOND AMENDED
COMPLAINT FOR
INJUNCTIVE RELIEF AND
DAMAGES**

**JURY TRIAL DEMANDED**

1

AMERICAN BROADCASTING COMPANIES,
INC.
   77 West 66th Street,
   New York, NY 10023,

DISNEY ENTERPRISES, INC.,
   500 S. Buena Vista Street,
   Burbank, CA 91521,

ALLBRITTON COMMUNICATIONS
COMPANY,
   1000 Wilson Boulevard, Suite 2700
   Arlington, VA  222209

CBS BROADCASTING INC.,
   51 West 52nd Street,
   New York, NY 10019,

CBS STUDIOS INC.,
   51 West 52nd Street,
   New York, NY 10019,

GANNETT CO., INC.,
   7950 Jones Branch Drive,
   McLean, VA 22107,

     Plaintiffs,

v.

FILMON X, LLC,
   400 E. 58th Street, Apt. 8B,
   New York, NY 10022,

FILMON.TV NETWORKS, INC.,
   301 N. Canon Drive,
   Beverly Hills, CA 90210,

FILMON.TV, INC.
    301 N. Canon Drive,
    Beverly Hills, CA 90210,

FILMON.COM, INC,
    301 N. Canon Drive,
    Beverly Hills, CA 90210,

ALKIVIADES DAVID,
    301 N. Canon Drive,
    Beverly Hills, CA 90210,

            Defendants.
----------------------------------------------------------x

## SECOND AMENDED COMPLAINT

Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film

Corporation, Fox Broadcasting Company, NBC Subsidiary (WRC-TV) LLC, NBC

Studios LLC, Universal Network Television LLC, Open 4 Business Productions

LLC, Telemundo Network Group LLC, American Broadcasting Companies, Inc.,

Disney Enterprises, Inc., Allbritton Communications Company, CBS Broadcasting

Inc., CBS Studios Inc., and Gannett Co., Inc., (collectively, "Plaintiffs"), by their

respective attorneys, complain and allege against defendants FilmOn X, LLC (f/k/a

Aereokiller LLC), FilmOn.TV Networks, Inc., Filmon.TV, Inc., FilmOn.com, Inc.,

and Alkiviades David inclusive (collectively "Defendants" or "FilmOnX") as

follows:

## PRELIMINARY STATEMENT

1.      This copyright infringement action arises out of Defendants'
unauthorized retransmission over the Internet of the copyrighted programming
broadcast on numerous broadcast television stations, including the programming of
stations licensed by the Federal Communications Commission to serve the
Washington, D.C. market.  Defendants' retransmissions are occurring without the
consent of the affected broadcast stations or copyright owners, and infringe
Plaintiffs' copyrights in the retransmitted programming.  The purpose of this action
is to restrain Defendants from exploiting without authorization, and violating
Plaintiffs' rights in, some of the most valuable intellectual property created in the
United States.  Further, this particular action -- in a district court in the District of
Columbia Circuit -- is necessitated by Defendants' continued flagrant infringement
of Plaintiffs' valuable intellectual property rights in this Circuit, despite substantial
and diligent efforts by Plaintiffs to protect those rights in other courts.

2.      In early August 2012, Defendants began streaming over the Internet
through their websites the signals of broadcast television stations from the Los
Angeles, Chicago, New York and Minneapolis markets.  Defendants' streaming
included the broadcasts of television stations owned by Plaintiffs, as well as the
broadcasts of stations owned by other entities on which Plaintiffs' copyrighted
programming is televised.  Defendants offer and sell, or have offered and sold,

online access to their unauthorized retransmission service via the websites www.barrydriller.com, www.filmonx.com and www.filmon.com, and through mobile "apps" that Internet users may download.  Simply by clicking on a particular broadcast station listed on the program guides on Defendants' websites, a visitor to those sites is able to view on his or her laptop, personal computer, or mobile device the content -- including copyrighted programming -- being televised by the station at that time, just like a subscriber to a cable system can view the same program by turning on his or her television set.  The NBC program appearing in the screen shot below, for example, was viewable by clicking on the "NBC Washington" program listing, which appears highlighted in red:



Defendants are providing this commercial service, which features Plaintiffs' copyrighted television programming, without the authorization of any of the

affected stations or copyright owners.  All of Defendants' services will be referred to collectively as "FilmOnX."

3.      Within days of the commencement of Defendants' unlawful activity, certain of the Plaintiffs took action to address it by filing copyright infringement lawsuits against FilmOn X, LLC (f/k/a Aereokiller LLC) and other related entities in the United States District Court for the Central District of California (the "California Actions").  Defendants in the California Actions responded to the filing of the California Actions by expanding their service to stream broadcast stations from Dallas, San Francisco, Miami, Las Vegas, and Washington, D.C., without the consent of any party.  On information and belief, Defendants recently have expanded their service into even more cities and plan further expansion in the future.

4.      On November 8, 2012, the Plaintiffs in the California Actions moved for a nationwide preliminary injunction to enjoin Defendants' infringing conduct throughout the country.  On December 27, 2012, the district court preliminarily enjoined Defendants' unauthorized Internet retransmissions of broadcast television programming owned by the Plaintiffs in the California Actions.  In granting Plaintiffs' motions, the court found that Defendants' service was a clear violation of Plaintiffs' public performance rights under the Transmit Clause of the Copyright Act, and that Plaintiffs in those cases would suffer irreparable harm absent an

injunction.  *See Fox Television Stations, Inc. v. Barry Driller Content Sys., PLC*, 915 F. Supp. 2d. 1138 (C.D. Cal. 2012), a true and correct copy of which is attached hereto as Exhibit A.  However, the district court limited the scope of its injunction to the geographic boundaries of the Ninth Circuit.  The grant of the preliminary injunction, and the geographic limitation of that injunction to the Ninth Circuit, currently are on appeal to the Ninth Circuit Court of Appeals.

5.      The district court in the California Actions limited the injunction to the Ninth Circuit based on comity concerns arising out of the Second Circuit's decision in *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.2d 121 (2d Cir. 2008) ("*Cablevision*") and the application of the *Cablevision* decision to Aereo, an Internet-based television retransmission service allegedly similar to Defendants' service.  In *Aereo*, a federal district court in the Southern District of New York declined to enter a preliminary injunction enjoining Aereo's retransmission service.  The district court in the California Actions ruled that, "principles of comity prevent the entry of an injunction that would apply in the Second Circuit," where the courts in *Cablevision* and *Aereo* (then on appeal to the Second Circuit Court of Appeals) interpreted the Transmit Clause differently from the California district court.  For the same reason, the district court also declined to enjoin preliminarily Defendants' activities in all circuits other than the Ninth Circuit.

6.      Plaintiffs in *Aereo* appealed the district court's decision.  Had the Second Circuit reversed, plaintiffs in the California Actions intended to move to have the geographic limitation on the scope of the preliminary injunction lifted since a reversal of the district court's decision in *Aereo* would have removed the basis for that limitation.  However, on April 1, 2013, a divided panel of the Second Circuit Court of Appeals affirmed the *Aereo* decision.  *See WNET Thirteen v. Aereo, Inc.*, 712 F.3d 676 (2d Cir. 2013) ("*Aereo*").  Accordingly, to address Defendants' ongoing infringement outside of the Ninth Circuit, Plaintiffs are required to bring this action.

7.      FilmOnX is currently streaming broadcast content in this Circuit -- such that people in the District of Columbia and surrounding area can view the same broadcast content as other who watch that content on their television sets or through other distribution channels authorized by Plaintiffs.  The District Court in California already has held that this conduct is infringing and causes immediate and irreparable harm in a variety of ways.  *See* <u>Exhibit A</u>.

8.      Plaintiffs ask this Court to reach the same conclusion and to preliminarily and permanently enjoin Defendants' unlawful conduct.

## **<u>JURISDICTION AND VENUE</u>**

9.      This is a civil action seeking injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over FilmOnX, LLC, FilmOn.TV Networks, Inc., Filmon.TV, Inc., FilmOn.com, Inc., and Alkiviades David because they engage in copyright infringement in Washington, D.C. by retransmitting, without authorization, Plaintiffs' broadcast network signals and copyrighted programming to FilmOnX users and subscribers located in the Washington, D.C. area.  Further, Defendants' representative, Alkiviades David, has sworn under oath that all equipment, servers, and technology the Defendants use to capture Plaintiffs' signals and transmit them to FilmOnX users and subscribers in a particular city are located within that city.  Moreover, because the FilmOnX service is a commercial service, Defendants are profiting from Washington, D.C. users and subscribers.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, a substantial part of the acts of infringement complained of herein occurs in this District.

## THE PARTIES

13.     Plaintiff Fox Broadcasting Company is a Delaware corporation with its principal place of business at 10201 West Pico Blvd., Los Angeles, California.

Fox Broadcasting Company operates the Fox network, a national broadcast television network (the "Fox Network").

14.     Plaintiff Twentieth Century Fox Film Corp. is a Delaware corporation with its principal place of business at 10201 West Pico Blvd., Los Angeles, California.  Twentieth Century Fox owns copyrights in certain original primetime television programs broadcast on the Fox Network and distributed via other media in the United States and around the world.

15.     Plaintiff Fox Television Stations, Inc. ("FTS"), a Delaware corporation, owns and operates numerous local broadcast television stations that broadcast television programming, including programming of the Fox Network, over-the-air to numerous localities throughout the United States, including WTTG in Washington, D.C., which broadcasts the Fox Network to viewers over-the-air on channel 5 in the Washington, D.C. market.  The FCC has licensed FTS to operate WTTG (among other television stations).  FTS is actively engaged, among other things, in the production and distribution of television programs and other copyrighted works, including local news programming.  Cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WTTG television broadcasts available to their subscribers upon negotiating the right to do so under Section 325(b) of the Communications Act, 47 U.S.C. § 325(b).

16.     Plaintiff NBC Subsidiary (WRC-TV) LLC ("WRC") is a Delaware limited liability company with its principal place of business at 4001 Nebraska Avenue, NW, Washington, D.C.  WRC owns and operates the television station WRC-TV, which is an FCC-licensed broadcast station that broadcasts to viewers over-the-air on channel 4 in the Washington, D.C. market.  WRC-TV is affiliated with the NBC Television Network, a national broadcast network.  WRC is actively engaged, among other things, in the production and distribution of television programs and other copyrighted works, including local news programming.  Cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WRC-TV television broadcasts available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

17.     Plaintiff NBC Studios LLC ("NBC Studios") is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California.  NBC Studios is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the NBC Television Network and distributed elsewhere in the world.

18.     Plaintiff Universal Network Television LLC ("UNT") is a Delaware limited liability company with its principal place of business at 100 Universal City

Plaza, Universal City, California.  UNT is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the NBC Television Network and distributed elsewhere in the world.

19.    Plaintiff Open 4 Business Productions LLC ("O4B") is a Delaware limited liability company with its principal place of business at 100 Universal City Plaza, Universal City, California.  O4B is actively engaged in the production and licensed distribution of television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the NBC Television Network and distributed elsewhere in the world.

20.    Plaintiff Telemundo Network Group LLC ("Telemundo") is a Delaware limited liability company with its principal place of business at 2290 West 8th Avenue, Hialeah, Florida.  Telemundo is, among other things, actively engaged in the production and licensed distribution of Spanish-language television programs, including programs that are transmitted to numerous broadcast stations in the United States affiliated with the Telemundo Network, a broadcast network, and distributed elsewhere in the world.

21.    Plaintiff American Broadcasting Companies, Inc. ("ABC") is a Delaware corporation with its principal place of business at 77 West 66th Street, New York, New York, and does business as the ABC Television Network.  ABC

is actively engaged in the production and distribution of television programs and other copyrighted works, including programs ABC transmits to numerous broadcast television stations that it owns as well as other stations that are affiliated with its ABC Television Network and with other networks, in the United States. ABC grants these stations the right to broadcast programming within their communities of license.  ABC is a wholly-owned, indirect subsidiary of plaintiff Disney Enterprises, Inc.

22.     Plaintiff Disney Enterprises, Inc. ("DEI") is a Delaware corporation with its principal place of business at 500 S. Buena Vista Street, Burbank, California.  DEI is actively engaged in the licensing of its copyrighted properties, and certain of its affiliates are engaged in the worldwide production and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit or retransmit to the public.

23.     Plaintiff Allbritton Communications Company ("Allbritton") is a Delaware corporation with its principal place of business at 1000 Wilson Boulevard, Suite 2700, Arlington, Virginia.  Allbritton owns and operates the television station WJLA-TV, which is an FCC-licensed broadcast station that broadcasts to viewers over-the-air on channel 7 in the Washington, D.C. market. WJLA-TV is affiliated with the ABC Television Network.  Allbritton is actively

engaged, among other things, in the production and distribution of television programming and other copyrighted works, including local news programming. Cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WJLA-TV television broadcasts available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

24.     Plaintiff CBS Broadcasting Inc. ("CBS") is a New York corporation with its principal place of business at 51 West 52nd Street, New York, New York. CBS is actively engaged in the production and distribution of television programs and other copyrighted works, including programs CBS transmits to numerous broadcast television stations that it owns as well as other stations in the United States that are affiliated with its CBS Television Network.  CBS grants these stations the right to broadcast programming within their communities of license.

25.     Plaintiff CBS Studios Inc. ("CBS Studios") is a Delaware corporation with its principal place of business at 51 West 52nd Street, New York, New York. CBS Studios is actively engaged in the worldwide production and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit or retransmit to the public.

26.     Plaintiff Gannett Co., Inc. ("Gannett") is a Delaware corporation with its principal place of business at 7950 Jones Branch Drive, McLean, Virginia.

Gannett's wholly owned subsidiary, Detroit Free Press, Inc. owns and operates the television station WUSA, which is an FCC-licensed broadcast station that broadcasts to viewers over-the-air on channel 9 in the Washington, D.C. market. WUSA is affiliated with the CBS Television Network.  Gannett is actively engaged, among other things, in the production and distribution of television programming and other copyrighted works, including local news programming. Cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WUSA television broadcasts available to their subscribers upon negotiating for the right to do so under Section 325 of the Communications Act, 47 U.S.C. § 325.

27.    On information and belief, Defendant FilmOn X, LLC (f/k/a Aereokiller LLC) is a Delaware limited liability company that does business in, among other locations throughout the United States, Washington, D.C.  Plaintiffs are further informed and believe that FilmOn X, LLC's business address is 400 E. 58th Street, Apt. 8B, New York, New York.

28.    On information and belief, Defendant FilmOn.TV, Inc. is a Delaware corporation that does business in, among other locations throughout the United States, Washington, D.C.  Plaintiffs are further informed and believe that FilmOn.TV, Inc.'s business address is 301 N. Canon Drive, Beverly Hills, California.

29.     On information and belief, Defendant FilmOn.TV Networks, Inc. is a
Delaware corporation that does business in, among other locations throughout the
United States, Washington, D.C.  Plaintiffs are further informed and believe that
FilmOn.TV Networks, Inc.'s business address is 301 N. Canon Drive, Beverly
Hills, California.

30.     On information and belief, Defendant FilmOn.com, Inc. is a Delaware
corporation that does business in, among other locations throughout the United
States, Washington, D.C.  Plaintiffs are further informed and believe that
FilmOn.com, Inc.'s business address is 301 N. Canon Drive, Beverly Hills,
California.

31.     On information and belief, Defendant Alkiviades David ("David") is
an individual who resides in Beverly Hills, California.  On information and belief,
David is the founder, Chief Executive Officer, owner, and/or majority shareholder
of Defendants FilmOn.com, Inc., FilmOn.TV Networks, Inc., and FilmOn.TV, Inc.

32.     David is personally liable for the acts of infringement under the
Copyright Act alleged herein.  On information and belief, there is a substantial and
continuing connection between David and the Corporate Defendants with respect
to the infringing acts, wherein David controls the infringing conduct, and has a
direct financial interest in the infringing activity.  Upon information and belief,
David is the Chief Executive Officer, director, and/or majority shareholder of

Defendants, FilmOn.com, Inc., FilmOn.TV Networks, Inc., and FilmOn.TV, Inc.
(collectively, the "Corporate Defendants").  Upon information and belief, David
directed one or more of the Corporate Defendants to commence its infringing
conduct.

33.    To the extent one or more of the Defendants claims another Defendant
is responsible for the infringement alleged herein, Plaintiffs allege such Defendant
is subject to alter ego liability for the acts of infringement alleged herein.  First,
there is a unity of interest and ownership among the Defendants such that one or
more of the Defendants is an alter ego of the other Defendants.  One or more of the
Defendants exerts domination and control over one or more of the other
Defendants.  Indeed, on information and belief, Alkiviades "Alki" David is the
officer, director and major shareholder of three of the Defendants:  FilmOn.TV
Networks, Inc., FilmOn.TV, Inc., and FilmOn.com, Inc.  He directed one or more
of the Defendants to commence its infringing conduct and he has, on information
and belief, the decision-making power to start, stop, or continue the infringing
conduct.  Moreover, one or more of the Defendants is used as a mere shell for one
or more of the other Defendants' actions.  Additionally, the Defendants are
inadequately capitalized, and one or more of the Defendants uses the same office
space and shares or has inherited the employees of another Defendant.  Second,
observance of the corporate form would lead to an inequitable result because it

would sanction the Defendants' unauthorized infringement of Plaintiffs' copyrights and allow another Defendant to avoid liability.

## NATURE OF DEFENDANTS' UNLAWFUL CONDUCT

34.     Defendants collectively operate an Internet and mobile streaming service, originally available over the Internet at www.barrydriller.com, later relocated to www.filmonx.com, and now available on www.filmon.com, and via web applications and Smartphone applications, which captures and streams Plaintiffs' live broadcast television programming over the Internet or via apps to members of the public on their web-enabled devices, iPhones, Androids, Smartphones, tablets and iPads.  Defendants do business in Washington, D.C., among other locations throughout the United States.

35.     Defendants claim to utilize tiny television antennas in data centers, along with data storage facilities and Internet connections to bring consumers the FilmOnX service.  According to public statements by Defendants, the FilmOnX service functions by capturing the signals of television broadcast stations in their local markets and then streaming the signals over the Internet to customers on their wireless and other Internet-enabled devices in order to watch those television broadcast programs.

36.     Through this commercial service, FilmOnX provides users and subscribers the ability to receive whichever broadcast station the user or subscriber

chooses, ultimately having the ability to watch live broadcast television programming over the Internet using any device.  In other words, through the FilmOnX service, Defendants built a business founded on offering its users and subscribers a "live" Internet and mobile streaming service based on Plaintiffs' television programming, but without authorization or license from Plaintiffs.

37.    Plaintiffs have never granted Defendants any license to Plaintiffs' copyrighted programming.  Defendants' service is available in multiple locations, including Washington, D.C., and on multiple Internet-enabled and mobile devices, and allows users to access local television stations associated with the Fox, NBC, ABC, and CBS networks -- and Plaintiffs' copyrighted programming on those stations -- using Defendants' service.

38.    Defendants charge fees to their subscribers to receive unauthorized transmissions of network and local programming in High Definition ("HD") to be watched live, and charge fees to copy Plaintiffs' programming for later viewing through a copying and storage service Defendants provide and refer to as a "Remote DVR."  Defendants also retransmit Plaintiffs' broadcasts live in Standard Definition ("SD") and, while Defendants do not charge users or subscribers to watch SD retransmissions, Defendants capitalize on and profit from such retransmissions though various forms of advertising.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

39.     Plaintiffs incorporate by reference paragraphs 1 through 36 as if set forth herein.

40.     Plaintiffs, together with their affiliates, are actively engaged in the production, acquisition, and distribution of copyrighted entertainment products, including programs that television broadcast stations and other media outlets transmit, retransmit, or otherwise distribute to the public.

41.     Plaintiffs (and/or their parents, subsidiaries or affiliates) are the legal or beneficial owners of the copyrights in numerous programs, such as *Glee* (FOX), *The Office* (NBC), *Grey's Anatomy* (ABC), and *Elementary* (CBS), and local news programming (FTS, WRC, Telemundo, Allbritton, and Gannett) that have been, and/or will be, exhibited over broadcast television stations in Washington, D.C. and other broadcast markets nationwide and through a variety of other media outlets.  A non-exhaustive list identifying representative samples of such television programs is set forth in Exhibit B ("TV Program(s)").

42.     Each such TV Program is an original audiovisual work that has been or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of section 102 of the Copyright Act, 17 U.S.C.

§ 102.  Each such TV Program has been or will be registered with the United States Copyright Office or is the subject of an application for registration filed with the Copyright Office.  Representative examples of the copyright registration certificates or other documentation demonstrating compliance with Sections 408(f) and 411 of the Copyright Act, 17 U.S.C. §§ 408(f) & 411, and implementing Copyright Office regulations, corresponding to the TV Programs identified in Exhibit B, also are attached as part of Exhibit B.

43.     Each TV Program has been created or licensed for exhibition by Plaintiffs (and/or their parents, subsidiaries or affiliates), the transmissions of which the Defendants are streaming without authorization as part of the FilmOnX service.  On information and belief, Defendants have streamed or will stream without authorization, as part of the FilmOnX service, each TV Program and numerous other works in which Plaintiffs own copyrights.

44.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs (and/or their parents, subsidiaries or affiliates) own the exclusive rights, among others, to reproduce copies of their copyrighted works, to distribute copies to the public of their copyrighted works, to publicly perform their copyrighted works, to publicly display their copyrighted works, and to make derivative works based upon their copyrighted works.

45.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs (and/or their parents, subsidiaries or affiliates) also own the exclusive rights to authorize others to exercise the rights set forth in the preceding paragraph 42.

46.     Neither Plaintiffs nor any other person authorized by Plaintiffs have granted any license, permission or authorization to Defendants to exercise any of the rights set forth in paragraphs 42 and 43 or to authorize others to exercise such rights, respecting the TV Programs or any other works in which Plaintiffs (and/or their parents, subsidiaries or affiliates) own copyrights.

47.     In offering the FilmOnX service, Defendants have exercised and will exercise (or have authorized or will authorize others to exercise) one or more of Plaintiffs' exclusive rights set forth in paragraphs 42 and 43 respecting the TV Programs and other works in which Plaintiffs (and/or their parents, subsidiaries or affiliates) own copyrights.

48.     As a result, Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction prohibiting infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      For a preliminary and permanent injunction requiring that Defendants and Defendants' successors and assigns, parents, subsidiaries, affiliates, suppliers, officers, agents, servants, employees, and attorneys, and all those persons in active concert, participation or privity with them cease any and all infringement of Plaintiffs' rights under Section 106 of the Copyright Act in their copyrighted programming, including by retransmission of broadcasts of such programming over FilmOnX or any other service.

2.      For Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

3.      For impounding and disposition of infringing articles under 17 U.S.C. § 503.

4.      For such monetary relief, including statutory damages and/or actual damages, and pre- and post-judgment interest thereon, as the Court and/or a jury determine are appropriate and should be awarded against Defendants.

     5.     For pre- and post-judgment interest on any monetary award made part of the judgment against Defendants.

     6.     For such other and further relief as the Court may deem just and proper.

//

//

Dated:  September 25, 2014           Respectfully Submitted,


                                  /s/ Paul Smith

Paul Smith (D.C. Bar No. 358870)
psmith@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
Telephone:  (202) 639-6000
Facsimile:   (202) 639-6066

Richard L. Stone*
rstone@jenner.com
Julie A. Shepard*
jshepard@jenner.com
Amy Gallegos*
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA  90071
Telephone:  (213) 239-5100
Facsimile:   (213) 239-5199

*Attorneys for Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, and Fox Broadcasting Company*

_____/s/ Robert Garrett_____
Robert Alan Garrett (D.C. Bar No. 239681)
Hadrian R. Katz (D.C. Bar No. 931162)
Christopher Scott Morrow (D.C. Bar
    No. 491925)
Murad Hussain (D.C. Bar No. 999278)
ARNOLD & PORTER LLP
555 12th St., NW
Washington, DC  20004
Telephone:   (202) 942-5444
Facsimile:    (202) 942-5999

James S. Blackburn*
james.blackburn@aporter.com
John C. Ulin*
john.ulin@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone:   (213) 243-4000
Facsimile:    (213) 243-4199

*Attorneys for Plaintiffs NBC Subsidiary
(WRC-TV) LLC, NBC Studios LLC,
Universal Network Television LLC, Open 4
Business Productions LLC, Telemundo
Network Group LLC, American
Broadcasting Companies, Inc., Disney
Enterprises, Inc., Allbritton
Communications Company, CBS
Broadcasting Inc., CBS Studios Inc., and
Gannett Co., Inc.*

*Pro hac vice