IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FOX TELEVISION STATIONS, INC., et al.

    *Plaintiffs/Counter-Defendants*,

v.    Civil No. 1:13-cv-00758 (RMC)

FILMON X, LLC, et al.

    *Defendants/Counter-Plaintiffs*.

# DEFENDANT ALKIVIADES DAVID'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Alkiviades David (collectively, "Defendant") hereby answer Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, Fox Broadcasting Company, NBC Subsidiary (WRC-TV) LLC, NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC, Telemundo Network Group LLC, American Broadcasting Companies, Inc., Disney Enterprises, Inc., Allbritton Communications Company, CBS Broadcasting Inc., CBS Studios Inc., and Gannett Co., Inc. (collectively, "Plaintiffs'") Second Amended Complaint ("SAC"), by paragraph, as follows:

1. Deny.

2. In answering Paragraph 2, Defendant states that it contains arguments, opinions and legal conclusions that require no response. Defendant otherwise denies the allegations of Paragraph 2.

3. In answering Paragraph 3, Defendant states that it contains arguments, opinions and legal conclusions that require no response. Defendant otherwise denies the allegations of

Paragraph 3.

4. In answering Paragraph 4, Defendant states that it contains arguments, opinions and legal conclusions that require no response. Defendant otherwise denies the allegations of Paragraph 4.

5. In answering Paragraph 5, Defendant admits that "[t]he district court in the California Actions limited the injunction to the Ninth Circuit" and "declined to enjoin preliminarily Defendant's activities in all circuits other than the Ninth Circuit." Defendant otherwise denies all other allegations of Paragraph 5.

6. In answering Paragraph 6, Defendant admits that "Plaintiffs in *Aereo* appealed the district court's decision" and that "on April 1, 2013, a...panel of the Second Circuit Court of Appeals affirmed the *Aereo* decision. *See WNET Thirteen v. Aereo, Inc.*, 712 F.3d 676 (2d Cir. Apr. 1, 2013) ("Aereo")." Defendant otherwise denies all allegations of Paragraph 6.

7. In answering Paragraph 7, Defendant states that it contains arguments, opinions and legal conclusions that require no response. Defendant otherwise denies the allegations of Paragraph 7.

8. Contains no allegation that requires an admission or denial.

9. Admit that the Court has jurisdiction.

10. Admit that the Court has jurisdiction.

11. Deny.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

2

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

25. Defendant is without sufficient knowledge or information to form a belief as to

the truth of this paragraph.

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

27. In answering Paragraph 27, Defendant admits that "Defendant FilmOn X is a Delaware limited liability corporation." Defendant otherwise denies all allegations of Paragraph 27.

28. In answering Paragraph 28, Defendant admits that "Defendant FilmOn.TV, Inc. is a Delaware corporation." Defendant otherwise denies all allegations of Paragraph 28.

29. In answering Paragraph 29, Defendant admits that "Defendant FilmOn.TV Networks, Inc. is a Delaware corporation" and "FilmOn.TV Networks, Inc.'s business address is 301 N. Canon Drive, Beverly Hills, California." Defendant otherwise denies all allegations of Paragraph 29.

30. In answering Paragraph 30, Defendant admits that "Defendant FilmOn.com, Inc. is a Delaware corporation." Defendant otherwise denies all allegations of Paragraph 30.

31. Admit that Defendant is a resident of Beverly Hills, California. Otherwise disputed.

32. Deny.

33. Deny.

34. Deny.

35. In answering Paragraph 35, Defendant states that it contains arguments, opinions and legal conclusions that require no response. Defendant otherwise denies the allegations of Paragraph 35.

36. In answering Paragraph 36, Defendant states that it contains arguments, opinions

and legal conclusions that require no response. Defendant otherwise denies the allegations of Paragraph 36.

37. In answering Paragraph 37, Defendant states that it contains arguments, opinions and legal conclusions that require no response. Defendant otherwise denies the allegations of Paragraph 37.

38. Deny.

39. Defendant incorporates paragraphs 1-38 as if set forth fully herein.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

42. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

43. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

44. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

45. Defendant is without sufficient knowledge or information to form a belief as to the truth of this paragraph.

46. Defendant admits that Plaintiffs have not formally granted Defendant any non-statutory license to Plaintiffs' copyrighted programming. Defendant denies the remainder of the paragraph.

47. In answering Paragraph 47, Defendant states that it contains arguments, opinions

and legal conclusions that require no response. Defendant otherwise denies the allegations of Paragraph 47.

48. Deny.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant further pleads the following separate and additional defenses. By pleading these defenses, Defendant does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues. Defendant reserves the right to assert such additional affirmative defenses as discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

The SAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

The SAC is barred, in whole or in part, based on the doctrine of comparative fault.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The SAC is barred, in whole or in part, based on Plaintiffs' failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

The SAC is barred, in whole or in part, based on the principles of estoppels.

## FIFTH AFFIRMATIVE DEFENSE

### (Fair Use)

The SAC is barred, in whole or in part, by the doctrine of fair use.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

The SAC is barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The SAC is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

The SAC is barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (First Amendment)

The SAC is barred, in whole or in part, because application of the Copyright Act to impose liability in this case would violate the First Amendment to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

### (Copyright Abandonment)

The SAC is barred, in whole or in part, to the extent any Plaintiffs have forfeited or abandoned copyright or failed to comply with all necessary formalities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Innocent Infringers)

The SAC is barred, in whole or in part, to the extent any persons, based on whose behavior seek to hold Defendants liable, are innocent infringers.

## TWELFTH AFFIRMATIVE DEFENSE

### (Supervening Events)

The SAC is barred, in whole or in part, because any alleged injury or loss sustained by Plaintiffs was caused by intervening or supervening events over which Defendants had and have no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

The SAC is barred, in whole or in part, because any alleged injury or loss sustained by Plaintiffs was the fault and responsibility of third parties over whom Defendants had and have no control, and for whose actions Defendants had and have no responsibility.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Express or Implied License)

The SAC is barred, in whole or in part, because Plaintiffs have granted an express or implied license in some or all of their copyrighted works to Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Section 111 Compulsory License)

Defendant is not engaged in, and has never been engaged in, any retransmission of Plaintiffs' copyrighted works. To the extent that any of the acts alleged in the SAC are attributed to Defendant, the SAC is barred, in whole or in part, because retransmission of Plaintiffs' copyrighted works is authorized under the compulsory license scheme set forth under Section

111 of the Copyright Act. *See* 17 U.S.C. § 111.

## ADDITIONAL AFFIRMATIVE DEFENSES

### (Subsequently Discovered Defense)

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses, and reserves the right to assert additional defenses if and as it learns of facts that may support such defenses.

September 26, 2014                    Respectfully submitted,

By: /s/ Ryan G. Baker
    Ryan G. Baker
    BAKER MARQUART LLP
    10990 Wilshire Blvd., Fourth Floor
    Los Angeles, California 90024
    (424) 652-7811 (telephone)
    (424) 652-7850 (facsimile)
    Cal. State Bar No. 200344


/s/Kerry J. Davidson
LAW OFFICE OF KERRY J. DAVIDSON
1738 Elton Road, Suite 113
Silver Spring, Maryland 20903
(301) 586-9516 (telephone)
(866) 920-1535(facsimile)
 Bar No.: 456431

*Attorneys for Defendants and Counterclaim Plaintiffs FilmOn X, LLC, FilmOn.TV, Inc., FilmOn.TV Networks, Inc., FilmOn.com, Inc., and Alkiviades David*