**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **FOX TELEVISION STATIONS, INC.,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 13-758 (RMC) |
| **FILMON X, LLC,** *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |
| **FILMON X, LLC,** et al., | ) ) ) | |
| Counter-Complainants, | ) ) | |
| v. | ) ) | |
| **FOX TELEVISION STATIONS, INC.,** et al., | ) ) ) | |
| Counter-Defendants. | ) ) ) | |

**PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER
TO SECOND AMENDED COUNTERCLAIM**

Plaintiffs and Counter-Defendants Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, Fox Broadcasting Company, NBC Subsidiary (WRC-TV) LLC, NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC, Telemundo Network Group LLC, American Broadcasting Companies, Inc., Disney Enterprises, Inc., Allbritton Communications Company, CBS Broadcasting Inc., CBS Studios Inc., and Gannett Co., Inc., (collectively, "Plaintiffs") hereby answer the allegations contained in the Second Amended Counterclaim (the "Counterclaim") of Defendants and Counter-Complainants FilmOn X LLC (f/k/a Aereokiller LLC), FilmOn.TV Networks, Inc., Filmon.TV, Inc., and

- 1 -

FilmOn.com, Inc. (collectively "Defendants").  Plaintiffs deny all allegations contained in the Counterclaim (including headings and captions) not specifically admitted in this Answer.

1. Plaintiffs admit that certain of the Plaintiffs in this action have brought suit for copyright infringement against Defendants, and/or certain other individuals and/or entities affiliated with Defendants, in this and other courts, including the District Court for the Southern District of New York and the District Court for the Central District of California.  The remaining allegations in Paragraph 1 consist of Defendants' characterizations of contentions made in these actions, to which no response is required.  Except as expressly admitted, to the extent the allegations contained in Paragraph 1 may be deemed to require a response, they are denied.

2. Plaintiffs admit that they filed a Memorandum of Points and Authorities in support of Plaintiffs' Motion for Preliminary Injunction (Dkt No. 27-1, filed Aug. 1, 2013).  Certain of the allegations contained in Paragraph 2 consist of Defendants' characterizations of and/or quotations from that document, which document is the best evidence of its content, and therefore no response is required.  Except as expressly admitted, to the extent the allegations contained in Paragraph 2 may be deemed to require a response, they are denied.

3. Plaintiffs admit that the United States Supreme Court issued the decision titled *American Broadcasting Companies, Inc. v. Aereo, Inc.*, 134 S. Ct. 2498 (2014) ("*Aereo*").  Certain of the allegations contained in Paragraph 3 consist of purported characterizations of and/or quotations from the *Aereo* decision or oral argument before the Supreme Court in that case, which proceedings are the best evidence of their content, and therefore no response is required.  The remaining allegations in Paragraph 3 consist of Defendants' characterizations of the *Aereo* decision, Defendants' contentions of law, and/or Defendants' characterizations of Plaintiffs' contentions, to which no response is required.  Except as expressly admitted, to the

extent the allegations contained in Paragraph 3 may be deemed to require a response, they are denied.

4. Paragraph 4 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 4 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. Plaintiffs lack knowledge or information regarding Defendants' characterizations of their purported submissions to the Copyright Office, and on that basis, deny those allegations. To the extent the remaining allegations contained in Paragraph 4 may be deemed to require a response, they are denied.

5. Paragraph 5 consists of Defendants' contentions of law and argument and/or characterizations of their Counterclaim, to which no response is required. Certain of the allegations contained in Paragraph 5 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. Plaintiffs specifically deny Defendants' contention that they are "entitled to a statutory license in accordance with Section 111." Except as expressly admitted, to the extent the allegations contained in Paragraph 5 may be deemed to require a response, they are denied.

6. Paragraph 6 consists of Defendants' characterizations of their purported Counterclaim, to which no response is required. To the extent the allegations in Paragraph 6 may be deemed to require a response, they are denied.

7. Paragraph 7 consists of Defendants' contentions of law, to which no response is required. Plaintiffs admit that this Court has jurisdiction over actions arising under the

Copyright Act (17 U.S.C. § 101 *et seq.*) and the Declaratory Judgment Act (28 U.S.C. § 2201). Except as expressly admitted, to the extent the allegations contained in Paragraph 7 may be deemed to require a response, they are denied.

8.   Plaintiffs admit that venue is proper in this District.  Except as expressly admitted, to the extent any response to the allegations contained in Paragraph 8 may be deemed to require a response, they are denied.

9.   Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis, deny those allegations.

10.   Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis, deny those allegations.

11.   Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis, deny those allegations.

12.   Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis, deny those allegations.

13.   Plaintiffs admit the allegations contained in Paragraph 13.

14.   Plaintiffs admit the allegations contained in Paragraph 14.

15.   Plaintiffs admit that Fox Television Stations, Inc. ("FTS"), is a Delaware Corporation that owns and operates numerous local broadcast television stations that broadcast television programming, including programming of the Fox network, over-the-air to numerous localities throughout the United States, including WTTG in Washington, D.C., which broadcasts the Fox network to viewers over-the-air on channel 5 in the Washington, D.C. market.  Plaintiffs admit that the FCC has licensed FTS to operate WTTG (among other television stations). Plaintiffs admit that FTS is actively engaged, among other things, in the production and

distribution of television programs and other copyrighted works, including local news programming. Plaintiffs admit that cable systems, satellite services and other multichannel video programming distributors also make retransmissions of WTTG television broadcasts available to their subscribers upon negotiating the right to do so under Section 325(b) of the Communications Act, 47 U.S.C. § 325(b). Except as expressly admitted, to the extent the allegations contained in Paragraph 15 may be deemed to require a response, they are denied.

16. Plaintiffs admit the allegations contained in Paragraph 16.

17. Plaintiffs admit the allegations contained in Paragraph 17.

18. Plaintiffs admit the allegations contained in Paragraph 18.

19. Plaintiffs admit the allegations contained in Paragraph 19.

20. Plaintiffs admit the allegations contained in Paragraph 20.

21. Plaintiffs admit the allegations contained in Paragraph 21.

22. Plaintiffs admit the allegations contained in Paragraph 22.

23. Plaintiffs admit the allegations contained in Paragraph 23.

24. Plaintiffs admit the allegations contained in Paragraph 24.

25. Plaintiffs admit the allegations contained in Paragraph 25.

26. Plaintiffs admit the allegations contained in Paragraph 26.

27. Paragraph 27 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 27 consist of Defendants' characterizations of one or more other documents or statutory provisions, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 27 may be deemed to require a response, they are denied.

28. Paragraph 28 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 28 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 28 may be deemed to require a response, they are denied.

29. Paragraph 29 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 29 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 29 may be deemed to require a response, they are denied.

30. Paragraph 30 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 30 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 30 may be deemed to require a response, they are denied.

31. Paragraph 31 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 31 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the

extent the allegations contained in Paragraph 31 may be deemed to require a response, they are denied.

32. Paragraph 32 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 32 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 32 may be deemed to require a response, they are denied.

33. Paragraph 33 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 33 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 33 may be deemed to require a response, they are denied.

34. Paragraph 34 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 34 consist of Defendants' characterizations of and/or quotations from one or more other documents and/or statutory provisions, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 34 may be deemed to require a response, they are denied.

35. Paragraph 35 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 35 consist of Defendants' characterizations of and/or quotations from one or more other documents, which

documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 35 may be deemed to require a response, they are denied.[1]

36.   Paragraph 36 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 36 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. Plaintiffs specifically deny Defendants' contention that "FilmOn X qualifies for a compulsory license as a cable system under Section 111." To the extent the allegations contained in Paragraph 36 may be deemed to require a response, they are denied.

37.   Paragraph 37 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 37 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 37 may be deemed to require a response, they are denied.

38.   Paragraph 38 consists of Defendants' contentions of law and argument, to which no response is required. Plaintiffs lack knowledge or information regarding Defendants' characterizations of their technology and on that basis, deny those allegations. Plaintiffs

---

[1] Footnote 1 to Paragraph 35 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Footnote 1 to Paragraph 35 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Footnote 1 to Paragraph 35 may be deemed to require a response, they are denied.

specifically deny Defendants' contention that their FilmOn X "system meets the statutory definition of a cable system under Section 111[.]" To the extent the remaining allegations contained in Paragraph 38 may be deemed to require a response, they are denied.

39. Paragraph 39 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 39 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. Plaintiffs lack knowledge or information regarding Defendants' characterizations of their technology and on that basis, deny those allegations. Plaintiffs specifically deny Defendants' contention that "FilmOn X fits squarely within the statutory definition of a cable system." To the extent the remaining allegations contained in Paragraph 39 may be deemed to require a response, they are denied.

40. Plaintiffs deny the allegations contained in Paragraph 40.

41. Paragraph 41 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 41 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 41 may be deemed to require a response, they are denied.

42. Paragraph 42 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 42 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required.

Plaintiffs lack knowledge or information regarding Defendants' characterizations of their purported submissions to the Copyright Office, and on that basis, deny those allegations. To the extent the remaining allegations contained in Paragraph 42 may be deemed to require a response, they are denied.

43. Plaintiffs deny the allegations contained in Paragraph 43.

44. Paragraph 44 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 44 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. To the extent the allegations contained in Paragraph 44 may be deemed to require a response, they are denied.

45. Paragraph 45 consists of Defendants' contentions of law and argument, to which no response is required. Certain of the allegations contained in Paragraph 43 consist of Defendants' characterizations of and/or quotations from one or more other documents, which documents are the best evidence of their contents, and therefore no response is required. Plaintiffs lack knowledge or information regarding Defendants' characterizations of their communications with the Copyright Office and on that basis, deny those allegations. To the extent the remaining allegations contained in Paragraph 45 may be deemed to require a response, they are denied.

46. Paragraph 46 consists of Defendants' contentions of law and argument , and/or Defendants' characterizations of their purported Counterclaim, to which no response is required. To the extent the allegations in Paragraph 46 may be deemed to require a response, they are denied.

47. Plaintiffs hereby incorporate by reference their responses to the above allegations in Paragraphs 1-46, as set forth above.

48. Plaintiffs admit that they contend Defendants are engaged in copyright infringement, and that there exists an actual and justiciable controversy between the parties regarding Defendants' copyright infringement. Plaintiffs deny the remaining allegations contained in Paragraph 48.

49. Paragraph 49 consists of Defendants' characterizations of their purported Counterclaim, to which no response is required. To the extent the allegations in Paragraph 49 may be deemed to require a response, they are denied.

50. Paragraph 50 consists of Defendants' characterizations of their purported Counterclaim, to which no response is required. To the extent the allegations in Paragraph 50 may be deemed to require a response, they are denied.

## RESPONSE TO PRAYER FOR RELIEF

The paragraphs of the Counterclaim containing Defendants' "prayer for relief" do not require a response. To the extent that those paragraphs are deemed to require a response, Plaintiffs deny that Defendants are entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any of these defenses, Plaintiffs allege the following affirmative defenses to the allegations set forth in the Counterclaim. Plaintiffs aver that Defendants' claims do not describe the events or legal theories with sufficient particularity to permit Plaintiffs to ascertain all defenses that may exist.

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted, including because Defendants' claims are ambiguous, vague, and/or unintelligible.

**Second Affirmative Defense**

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

**Third Affirmative Defense**

The Counterclaim is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**Fourth Affirmative Defense**

The Counterclaim is barred, in whole or in part, by the doctrine of laches.

**Fifth Affirmative Defense**

The Counterclaim is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES**

Plaintiffs have not knowingly or intentionally waived any applicable defenses and explicitly reserve the right to assert any additional defenses and affirmative defenses as this actions proceeds. Plaintiffs further reserve the right to amend their Answer and/or defenses accordingly, and/or to delete defenses that Plaintiffs determine are not applicable as this action proceeds.

WHEREFORE, Plaintiffs pray for judgment on Defendants' Counterclaim as follows:

1. That Defendants take nothing by way of their Counterclaim;

2. That Plaintiffs recover their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

3. For such other and further relief as the Court may deem just and proper.

Dated: September 29, 2014

/s/ Paul Smith
Paul Smith (D.C. Bar No. 358870)
psmith@jenner.com

JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Richard L. Stone (admitted *pro hac*)
rstone@jenner.com
Julie A. Shepard (admitted *pro hac*)
jshepard@jenner.com
Amy Gallegos (admitted *pro hac*)
agallegos@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

*Attorneys for Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, and Fox Broadcasting Company*

Dated: September 29, 2014

/s/ Robert Alan Garrett

Robert Alan Garrett (D.C. Bar No. 239681)
Hadrian R. Katz (D.C. Bar No. 931162)
Christopher Scott Morrow (D.C. Bar No. 491925)
Murad Hussain (D.C. Bar No. 999278)
ARNOLD & PORTER LLP
555 12th St., NW
Washington, DC 20004
Telephone: (202) 942-5444
Facsimile: (202) 942-5999

James S. Blackburn (admitted *pro hac*)
james.blackburn@aporter.com
John C. Ulin (admitted *pro hac*)
john.ulin@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

*Attorneys for Plaintiffs NBC Subsidiary (WRC-TV) LLC, NBC Studios LLC,*

*Universal Network Television LLC, Open 4 Business Productions LLC, Telemundo Network Group LLC, American Broadcasting Companies, Inc., Disney Enterprises, Inc., Allbritton Communications Company, CBS Broadcasting Inc., CBS Studios Inc., and Gannett Co., Inc.*