UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| FOX TELEVISION STATIONS, INC., et al.<br><br>                Plaintiffs,<br><br>    v.<br><br>FILMON X, LLC, et al.<br><br>                Defendants. | Civil Action No.  1:13-cv-00758-RMC<br>Hon. Rosemary M. Collyer |

**JOINT STATUS REPORT**

All Plaintiffs and all Defendants in this action respectfully submit this joint status report in response to the Court's November 17, 2015 Minute Order. The Minute Order was issued following the Court's November 12, 2015 Order on the parties' motions for summary judgment (Dkt. No. 128), which granted in part and denied in part Plaintiffs' motion for partial summary judgment, and denied Defendants' motion for summary judgment. The Minute Order set a December 8, 2015 status conference and ordered the parties to file the instant joint statement describing how they wish to proceed in this case and setting forth a proposed schedule. As set forth below, the parties have met and conferred but have been unable to reach agreement on how the case should proceed or a proposed schedule. Accordingly, the parties' respective positions are set forth separately herein.

## I. PLAINTIFFS' POSITION AND PROPOSED SCHEDULE

The November 12, 2015 Order determined that FilmOn X, LLC ("FilmOn X") is liable for copyright infringement for publicly performing Plaintiffs' copyrighted works. The primary issues left unresolved following that ruling are (i) the liability of the remaining defendants for the same infringements, including as alter egos of FilmOn X, (ii) whether Defendants' infringement was willful; and (iii) Defendants' damages liability for their infringement. With respect to damages, at this time, Plaintiffs intend to seek statutory damages. Plaintiffs will not seek actual damages.

Plaintiffs propose that the Court set a pretrial schedule for resolving all remaining issues in this case, with a trial date in summer 2016. Plaintiffs submit that a pretrial schedule should be set now, notwithstanding Defendants' stated intention, as described below, to file motions to stay this action. Plaintiffs do not agree with Defendants' position, and maintain that this action should not be stayed for any of the reasons asserted by Defendants. The November 12, 2015

1

Order does not resolve all remaining issues in the case, and this Court has not certified the Order for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292(b). The Order also correctly determined the Section 111 and liability issues presented by the parties' summary judgment motions and does not meet the legal standards for interim review.

Specifically, Plaintiffs propose the following pretrial dates:

| EVENT | DEADLINE |
| --- | --- |
| Fact Discovery Cutoff | March 15, 2016 |
| Fed. R. Civ. P. 26(a)(2)(D)(i) Disclosures | April 15, 2016 |
| Fed. R. Civ. P. 26(a)(2)(D)(ii) Disclosures | May 6, 2016 |
| Expert Discovery Cutoff | June 3, 2016 |
| Pretrial Conference | TBD |
| Trial | TBD |

## II.    DEFENDANTS' POSITION AND PROPOSED SCHEDULE

Defendants disagree with Plaintiffs' proposal that this Court lift the discovery stay given that the Ninth Circuit Court of Appeals recently agreed to hear an interlocutory appeal in the California Action[1] regarding whether FilmOn X, LLC ("FilmOn X"), as an internet retransmission service, is eligible for a compulsory copyright license under 17 U.S.C. section 111 ("Section 111").  If this action proceeds to discovery at this time while Defendants' eligibility for a Section 111 license is being simultaneously litigated in the Ninth Circuit, the

---

[1] The "California Action" refers to the parallel actions pending before the Honorable George H. Wu in the Central District of California captioned *Fox Television Stations, Inc. v. FilmOn X, LLC* (Case No. 2:12-cv-06921), consolidated with *NBCUniversal Media, LLC v. FilmOn X, LLC* (Case No. 2:12-cv-06950).

2

Court and the parties will spend a tremendous amount of time and resources on a trial that may be called into doubt by any decision issued by the Ninth Circuit. This Court should stay this action "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Entines v. United States*, 495 F. Supp. 2d 84, 85 (D.D.C. 2007) (internal citations omitted). In the interests of comity and judicial efficiency, this Court should stay this action pending a resolution of the earlier-filed California Action. At a minimum, this Court should certify its November 12, 2015 Order for an interlocutory appeal and stay this action during the pendency of the appeal.

Defendants respectfully request the opportunity to fully brief and argue two motions: (1) a motion to stay this action pending resolution of the earlier-filed California Action,[2] or in the alternative, motion for reconsideration of this Court's November 12, 2015 Order on the stay issue (the "Motion to Stay"); and (2) a motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b), for entry of judgment under Federal Rule of Civil Procedure 54(b), and to stay any further proceedings pending resolution of the appeal (the "Motion to Certify"). Specifically, Defendants propose the following briefing schedule:

| EVENT | DEADLINE |
|---|---|
| Defendants file their Motion to Stay and Motion to Certify | December 22, 2016 |
| Plaintiffs file opposition papers to the Motion | January 12, 2016 |

---

[2] The "California Action" refers to the parallel actions pending before the Honorable George H. Wu in the Central District of California captioned *Fox Television Stations, Inc. v. FilmOn X, LLC* (Case No. 2:12-cv-06921), consolidated with *NBCUniversal Media, LLC v. FilmOn X, LLC* (Case No. 2:12-cv-06950).

3

| | |
|---|---|
| to Stay and Motion to Certify | |
| Defendants file reply briefs in support of their Motion to Stay and Motion to Certify | January 26, 2016 |

Although Defendants request the opportunity to fully brief these motions, Defendants set forth a brief summary of the legal and factual bases for the Motion to Stay and Motion to Certify below in order to assist this Court in determining how this action should proceed at this time. Defendants propose that this Court stay discovery in this action while these two motions are being briefed and are under consideration.

### A. Defendants' Motion To Stay.

This Court should stay this action pending the resolution of the earlier-filed California Action. It is well-established in the D.C. Circuit that "[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first." *Washington Metro. Area Transit Auth. v. Ragonese* ("*Ragonese*"), 617 F.2d 828, 830 (D.C. Cir. 1980) (internal quotations omitted); *see also Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349-50 (D.C. Cir. 2003) (holding that district courts may "dismiss or stay a pending suit in favor of a consolidated action in another forum").

Additionally, a motion for reconsideration is appropriate where the court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (explaining

4

that "[e]rrors of apprehension may include a Court's failure to consider controlling decisions or data") (internal quotations omitted); *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009) (holding that a motion for reconsideration may be warranted "where a court failed to consider controlling law").

Here, this Court should reconsider its November 12, 2015 Order because it failed to consider Defendants' argument that this case should be stayed under the first-to-file rule. In discussing Defendants' argument for a stay, this Court stated that "Defendants urge this Court to stay this case pending an FCC decision on its notice of proposed rulemaking (NPRM) concerning the classification of over-the-top providers as MVPDs." (Order at p. 34 n. 18.) The Court rejected this stay request (*see id.*), but did not specifically address the argument raised in Defendants' briefing that this action should be stayed on "comity grounds" pending resolution of the California Action. (*See* Dkt. 126 at p. 24.) Accordingly, Defendants intend to file a motion for reconsideration in light of the Court's failure to consider the first-to-file rule. *See Singh*, 383 F. Supp. 2d at 101.

Additionally, a motion for reconsideration is appropriate due to significant procedural developments in the California Action that took place during and after the summary judgment briefing in this action. On July 24, 2015, Judge Wu issued a partial summary judgment decision in favor of Defendants and, after summary judgment briefing in this Court was completed, the Ninth Circuit Court of Appeals on September 16, 2015 agreed to hear an interlocutory appeal under 28 U.S.C. § 1292(b). A briefing schedule for this appeal has been set.[3] In light of these significant

---

[3] Appellants' opening brief on appeal is due on January 27, 2016, Appellees' answering brief is due on February 26, 2016, and the optional reply brief is due 14 days from the date of service of the answering brief. *Fox Television Stations, Inc., et. al. v. FilmOn X, LLC, et al.*, Case No. 15-56420 (9th Cir.), Dkt. 8.

procedural developments, this Court should stay this action in the interests of comity. *See Singh*, 383 F. Supp. 2d at 101 (a motion for reconsideration is appropriate where a "significant change in the law or facts [has occurred] since the submission of the issue to the Court").

Even if this Court declines to reconsider its November 12, 2015 Order, it should entertain a new motion to stay this action pending resolution of the California Action. The Central District of California has priority under the first-to-file rule to decide this copyright infringement dispute between the parties. The inconsistent summary judgment rulings issued by this Court and the Central District of California demonstrate the wisdom behind the first-to-file rule, which seeks to ensure the "orderly administration of justice" by a single court. *See Ragonese,* 617 F.2d at 830. Not only is it a waste of judicial and party resources to simultaneously litigate the same claims between essentially the same parties[4] in two different forums, but inconsistent judicial decisions in these cases raise serious concerns about how such conflicting decisions would be enforced and applied in the absence of a decision by the U.S. Supreme Court. Accordingly, Defendants request the opportunity to fully brief the Motion to Stay.

### B.   Defendants' Motion to Certify.

Alternatively, this Court should certify its November 12, 2015 Order for an interlocutory appeal. As this Court recognized, the instant dispute has led to conflicting judicial decisions regarding whether a service that engages in Internet retransmission of over-the-air television programming is eligible for a compulsory copyright license. Given the

---

[4] With a couple of exceptions, all of the parties in the California Action and this action are the same. The only parties in this action that are not in the California Action are NBC Subsidiary (WRC-TV), LLC, Allbritton Communications Company, and Gannett, Co., Inc., which own local broadcast stations in the D.C. area, and NBC Studios LLC, which is the production arm for the other NBC plaintiff entities that are named in both cases. *See* Dkt. 66.

importance of this question of statutory interpretation, and two conflicting court decisions on this same issue in parallel proceedings involving the same parties, this Court should certify the following questions for interlocutory review under Section 1292(b):

1.  Whether Internet-based retransmission services, such as FilmOn X, are "cable systems" within the meaning of Section 111 of the Copyright Act, 17 U.S.C. § 111, such that Defendants are potentially entitled to Section 111 licenses.

2.  Whether this Court should have stayed this action in the interests of comity and judicial efficiency where an earlier-filed action involving essentially the same parties and the same claims was pending in another federal court.[5]

As Judge Wu and Plaintiffs themselves previously acknowledged in the California Action,[6] whether Internet-based retransmission services are eligible for a Section 111 license is a controlling question of law. *See Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002) (a controlling question of law is one that "would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources"). "[C]onflicting [judicial] decisions" and a "dearth of precedent" in this Circuit demonstrate that there is a substantial ground for difference of opinion. *See APCC Servs.*, 297 F. Supp. 2d at 97. An immediate appeal will materially advance the ultimate termination of this litigation and will conserve the resources of the parties and this Court. *See id.* at 100.

---

[5] The denial of a stay in this case involves "a procedural determination" that "significantly impact[s]" the course of this action. *See APCC Servs. v. Sprint Commc'ns*, 297 F. Supp. 2d 90, 96 (D.D.C. 2003); *Tesco Corp. v. Weatherford Int'l, Inc.*, 22 F. Supp. 2d 755, 766 (S.D. Tex. 2010) ("the Court finds that its denial of the Motion to Stay does involve a controlling question of law").

[6] This question presently is on appeal to the Ninth Circuit Court of Appeals pursuant to a certification order issued by Judge Wu in the California Action. *Fox Television Stations, Inc., et. al. v. FilmOn X, LLC, et al.*, Case No. 15-80151 (9th Cir.), Dkt. 1-2 at 9.

Additionally, this Court should direct the entry of final judgment under Rule 54(b) on Defendants' counterclaim for declaratory relief, which was dismissed on November 12, 2015. This counterclaim is legally distinct and can stand on its own for appeal, and there is no just reason for delay. *See* Fed. R. Civ. P. 54(b) (in an action involving multiple claims, the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay").

Lastly, if the Court certifies an interlocutory appeal to the District of Columbia Circuit, any further proceedings before this Court should be stayed until the appeal is resolved. A stay will not change the status quo in this litigation. As this Court recognized, Defendants remain subject to preliminary injunctions issued by this Court and the California court that prohibit them from retransmitting Plaintiffs' broadcast programming without authorization. (*See* Order at pp. 2, 7.) Further, if the District of Columbia Circuit reverses and holds that Internet retransmission services are "cable systems" under the Copyright Act or that this action should be stayed under the first-to-file rule, then the stay will have saved the parties, and the Court, from the time and expense of needless discovery and motion practice.

Dated:  December 4, 2015

/s/ Paul Smith
Paul Smith (D.C. Bar No. 358870)
psmith@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001-4412
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Richard L. Stone (admitted *pro hac*)
rstone@jenner.com
Julie A. Shepard (admitted *pro hac*)
jshepard@jenner.com

8

|  |  |
|---|---|
|  | Amy Gallegos (admitted *pro hac*)<br>agallegos@jenner.com<br>JENNER & BLOCK LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071<br>Telephone: (213) 239-5100<br>Facsimile: (213) 239-5199<br><br>*Attorneys for Plaintiffs Fox Television Stations, Inc., Twentieth Century Fox Film Corporation, and Fox Broadcasting Company* |
| Dated:  December 4, 2015 | /s/ Robert Alan Garrett<br>Robert Alan Garrett (D.C. Bar No. 239681)<br>Murad Hussain (D.C. Bar No. 999278)<br>ARNOLD & PORTER LLP<br>601 Massachusetts Ave., NW<br>Washington, DC 20001<br>Telephone: (202) 942-5444<br>Facsimile: (202) 942-5999<br><br>James S. Blackburn (admitted *pro hac*)<br>james.blackburn@aporter.com<br>John C. Ulin (admitted *pro hac*)<br>john.ulin@aporter.com<br>ARNOLD & PORTER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 243-4000<br>Facsimile: (213) 243-4199<br><br>*Attorneys for Plaintiffs NBC Subsidiary (WRC-TV) LLC, NBC Studios LLC, Universal Network Television LLC, Open 4 Business Productions LLC, Telemundo Network Group LLC, American Broadcasting Companies, Inc., Disney Enterprises, Inc., Allbritton Communications Company, CBS Broadcasting Inc., CBS Studios Inc., and Tegna Inc.* |
| Dated:  December 4, 2015 | /s/ Ryan G. Baker<br>Ryan G. Baker<br>BAKER MARQUART LLP |

9

2029 Century Park East, Suite 1600
Los Angeles, California 90067
(424) 652-7811 (telephone)
(424) 652-7850 (facsimile)
Bar No.: 200344